IN THE

# S.UPREME COURT

OF THE

## STATE OF WISCONSIN

AT THE JUNE TERM, 1849.

---

### SAUNDERSON v. LACE, Adm'r of PECK.

1. REPLEVIN—PRACTICE.—Where, in an action of replevin, the plaintiff discontinued his suit, and a writ of inquiry is awarded to ascertain the value of the property and the damages for detention, and the jury only assessed the damages at six cents, it is very questionable whether any judgment can be rendered upon such finding.

2. JUDGMENT—CONCLUSIVE EFFECT OF.—While it is competent for the parties to an action to settle a suit, yet, if a judgment is afterwards rendered in the action, although interlocutory, it is conclusive between the parties until set aside or reversed, and cannot be collaterally impeached; nor can a party to it rely upon transactions which took place between him and his adversary previous to its rendition, to avoid it or affect the liability which it created.

3. REPLEVIN—RETURN OF PROPERTY.—By the territorial statute, the defendant in replevin, under the plea of non detinet, in case he succeeds, is entitled to a return of the property replevied, and damages.

(1 Chand. 231.)

ERROR to the late District Court for *Milwaukee* County. The action was replevin in the *detinet*, for the detention of a schooner, the property of *Thomas H. Peck*, and her tackle, apparel, etc. The suit was commenced in April, 1843, and

Vol. II.—17

the property replevied and appraised. At the June term of that year the plaintiff declared in accordance with his writ. At the same term the defendant pleaded *non detinet.* As of the same term the plaintiff filed a *nolle prosequi* in the cause. On the same day the defendant waived a return of the property, and elected to take judgment for the value and damages for the detention ; and a jury was empaneled, and found the value of the property to be $800, and assessed the damages for the detention at $64.87. And on the same day the plaintiff filed a motion to set aside the inquest upon the ground, first, that the judge should have allowed the plaintiff to prove that the suit had been settled between the parties, and second, that the cause was settled and the discontinuance entered in pursuance of an agreement between the parties that it should be no further prosecuted. At the November term of the court, the motion for setting aside the inquest was argued, and the motion granted, and an *alias* writ of inquiry awarded. At the same term the writ was executed, and the jury returned a verdict of six cents damages in favor of the defendant, and judgment was entered thereon.

On the execution of the writ of inquiry of damages, there was considerable proof given to establish and to repel the fact that there was an agreement between the parties for the discontinuance of the suit. Upon such testimony thus given, the judge charged the jury, " that it was competent for the parties to settle the suit, and that such settlement, if made, was binding ; and if made with the design to fix the bail, it would operate to their discharge ; that, if the jury believed the testimony of the witnesses, it amounted to a release of *Peck ;* that the finding of the jury fixes the extent of the liability of the bail ; a release of *Peck* releases the bail ; and that, if the court had observed the state of the pleadings in this case, a writ of inquiry of the value of the property would not have been awarded, as the pleadings in the case do not entitle the defendant to a return of the property or its

Saunderson vs. Lace.

value; that the finding of a nominal sum would carry the costs, which the plaintiff should pay before satisfaction could be entered." After the jury had retired to deliberate, they returned into court and asked of the judge further instructions, and the judge instructed them that the testimony amounted to a release of the plaintiff and his bail, of the claim by the defendant to the property and damages, and that a nominal sum to the defendant would carry the costs.

The plaintiff in error assigned for error, in the court below, various matters, as follows:

1. That the court below erred in setting aside the inquisition first taken of the damages to the defendant below, and in awarding a new writ of inquiry.

2. That the court erred in admitting the deposition of *Saunderson* to be read to the jury, and also of other witnesses.

3. That the district judge erred in his instructions to the jury, as originally given, and as afterwards repeated.

*A. D. Smith* and *J. E. Arnold*, for plaintiff in error, insisted that, at the time the defendant in error entered a discontinuance of the action, the defendant below, under the state of the pleadings, was entitled to the verdict for damages which was then found by the jury, and to the judgment which was then rendered thereon. And in support of this, cited Stat. Wis. 274, § 19; id. 275, §§ 30, 31, 32; Story's Plead. 449, 450; 3 Mass. 199; Gilb. on Repl. 169; Graham's Pr. 603; 8 Petersd. Ab. 387, 393; 2 Yeates, 531.

2. That after the judgment, by discontinuance, the bail not objecting thereto, the court below should not have received evidence of a previous settlement between the parties to defeat the defendant below from recovering the value of the property replevied and his damages for detention, that evidence being only admissible upon the trial on the issue joined, or upon a plea of *puis darrein* continuance. 1 Saund. Plead. and Ev. 23; Graham's Pr. 296.

3. That the matter of a settlement between the parties, and the release of the bail thereby, being a question of fact for the jury to decide, and there being conflicting and indecisive evidence given upon that subject, it should have been left to the free decision of the jury to have considered the force and effect of such evidence; and that the instructions of the judge, as to the force or effect of such evidence, or the instruction that the evidence given amounted to a settlement, and consequently a release of the plaintiff below, or that it operated to release the plaintiff below and his bail, was erroneous and unauthorized by law.

*J. Holliday*, for defendant in error, insisted that under the plea in the court below, of *non detinet*, the defendant below was not entitled to a return of the property replevied, or to damages for the detention thereof, and cited 6 Hill, 613, that the settlement of the parties was competent to be shown in mitigation of damages. 1 H. Black. 24; 3 Mass. 199; 13 Wend. 496; 21 id. 300; Graham's Pr. 901.

WHITON, J. This was an action of replevin, brought by *Peck*, the plaintiff below, in the late district court for Milwaukee county, for the schooner "Liberty," with her anchor, chains, small boat, and all other apparel and furniture to said schooner belonging, together with the enrollment and license for said schooner "Liberty." The action was in the *detinet*, and the plea *non detinet*, simply. The writ was served, as appears by the sheriff's return, by replevying the schooner, together with her furniture, tackle and apparel, and delivering the same to the plaintiff, who gave bond as the law directs.

Subsequently to the filing of the plea, and without a trial, the plaintiff filed with the clerk of the court, in vacation, a written stipulation that a judgment of discontinuance should be entered in the cause; but the district judge, as appears from the bill of exceptions, would not permit a judgment of

discontinuance to be rendered upon the stipulation thus filed. Afterwards, however, the plaintiff, as the record shows, at a term of the court held on the second Monday of June, 1844, discontinued the suit, whereupon the defendant waived a judgment for the return of the property replevied, and elected to take his judgment for its value under the statute. This judgment was accordingly rendered, and the value of the property was thereupon assessed by a jury at the sum of $800 ; the jury also assessed the damages for the detention of the property, and fixed the sum at $64.87. This assessment of the value of the property, and of the damages for its detention, was set aside by the court, on motion of the plaintiff's attorney, and a new writ of inquiry awarded. The jury, empaneled by virtue of this writ, at a subsequent term of the court assessed the damages to the defendant at six cents ; upon which assessment the court rendered a judgment in favor of the defendant for the said damages and for his costs. It is very questionable whether the court was warranted in rendering any judgment upon this assessment of the jury. A judgment had been previously rendered by the court in favor of the defendant, for the value of the property replevied, and the object of the writ of inquiry was to ascertain the value of the property, as well as the damages which the defendant had sustained by reason of its detention ; and yet the jury assessed the damages merely, and did not find at all in relation to the value of the property. This it was clearly their duty to do. See statute, p. 274, §§ 30, 32. They manifestly discharged their duty very imperfectly, and it is very doubtful whether the court could properly enter a judgment upon their assessment. But this is not assigned as error and has had no influence upon the court in disposing of the case.

Various exceptions were taken by the defendant to the ruling of the judge, in relation to the admissibility and effect of the testimony introduced by the plaintiff to the jury empaneled to make the assessment. The testimony offered by the

plaintiff and objected to by the defendant, which was admitted by the judge, tended to prove a settlement of the suit and of the controversy in regard to the schooner by the parties, and consequently a discharge of the liability of the plaintiff. The defendant contends that this was improper, as the jury had nothing to do but to assess the value of the property, and damages for its detention.

Undoubtedly, a judgment may be discharged by the parties to it, like any other obligation, and when the discharge is proved in a proper manner, the obligation created by the judgment ceases ; but it is to be observed that the testimony in question related to a settlement of the suit previous to the time when the judgment was rendered in favor of the defendant for the value of property. This judgment entitled him to recover the value of the property, as well as damages for its detention from the plaintiff ; it was in full force and not reversed, and although in its nature interlocutory, until reversed, was conclusive between the parties ; the plaintiff could not impeach it collaterally, nor rely upon transactions which took place between himself and the defendant previous to its rendition, to affect the liability created by it. It is clear, then, that this testimony, which tended to prove a settlement of the suit by the parties in the winter of 1843–4, or in the spring of the latter year, when the judgement was not rendered until June succeeding, was inadmissible. But it is said that this testimony was admissible in mitigation of damages, and was admitted on that ground by the judge. I cannot see how this affects the question. The plaintiff might have shown in mitigation of damages, that the property, after being delivered to him by the sheriff, had been re-delivered to the defendant, or that he had retaken it. *Dewitt v. Morris*, 13 Wen. 496 ; *Russell v. Butterfield*, 21 id. 300. But this testimony (if it proved anything) directly impeached the judgment which the court had previously rendered, and could not be regarded as tending to prove any fact which could properly be regarded as mitigating

Saunderson vs. Lace.

the damages. Another exception to the ruling of the judge was in relation to his charge to the jury upon the effect of the testimony. He charged the jury that if they believed the testimony of the witnesses, it amounted to a release of *Peck*, and a satisfaction, and that the finding of the jury fixed the extent of the liability of the bail, etc. I am of the opinion that the testimony, taken together, will not bear this construction. If it had been properly admitted—if the plaintiff could have shown in this way that the judgment which the defendant had recovered against him had been wrongfully obtained it still falls short of establishing the fact of a release of the plaintiff. The testimony introduced by the defendant shows that the plaintiff discontinued his suit with a full knowledge that the effect of the discontinuance would be a judgment against him for a return of the property, or for its value, as the defendant should elect . It is hardly credible that he should have acted in this way if there had been previously a settlement of the suit between the parties ; at least the jury should have been permitted to put such a construction upon the testimony as they should think proper.

It was said in the argument by the counsel for the defendant in error, that the defendant below was not entitled to a judgment for a return under the plea which had been put in, and he cited the case of *Pierce v. Van Dyke*, 6 Hill, 613, to maintain this position. I do not think this position well taken. By our statute concerning the action of replevin, section 19, it is provided, that "such plea shall put in issue, not only the detention of such goods and chattels, but also the property of the plaintiff therein." I do not understand the case relied upon to be an authority to the extent claimed. On the contrary, the judge who delivered the opinion of the court, thought that under the statute of New York (which, in this respect, is the same as ours) the jury might so find as to entitle the defendant to a judgment for the return of the property, when the action was in *detinet* and the plea *non detinet*, merely. In

this case there was no jury called to try the issue, but the plaintiff voluntarily gave the defendant a judgment by discontinuance, and thereby confessed all that the defendant could have proved under his plea.

Upon the whole, we are of the opinion that the judgment of the district court must be reversed. We give no opinion as to the effect of the judgment against defendant in error, upon the sureties in the replevin bond.

Judgment reversed.