# THOMAS DOUGLASS, Plaintiff in Error,

## vs.

# JAMES M. GARRETT and HORATIO CURTIS, Defendants in Error.

### ERROR TO LA CROSSE CIRCUIT COURT.

The success of the defendant in replevin upon the plea of *non cepit*, does not entitle him to a judgment of return of the property, or for its value as a substitute, but to nominal damages merely.

Where the defendant in replevin obtains judgment of nonsuit against the plaintiff, the former is not entitled to judgment for the value of the property, unless the pleadings, in case of his success thereon, would entitle him to a judgment of return.

Under a plea of *non cepit*, merely, the defendant cannot prove property in himself.

The character and condition of personal property, as lumber in rafts and the like, its situation and circumstances affecting the facilities for manual delivery, and a visible change of possession, are proper to go to the jury, where the sale and delivery are in issue.

THIS was an action of replevin, commenced and tried in the La Crosse Circuit Court, for a quantity of lumber of the value of $500. The declaration stated that the defendants " unlawfully took certain goods and chattels, the property of the plaintiff, to wit: twenty-four squares of pine lumber, rafted 12 by 16 feet square and 11 courses deep; three squares of pine lumber, rafted 16 feet square and 11 courses deep; and two squares of pine lumber, rafted 16 by 18 feet square, marked with a knife, ' T. D.,' and with red chalk, ' Thomas Douglass,' also marked with red chalk, ' W. L. K.,' containing 59,063 feet, of the value of $500, and wrongfully and unjustly detained the same." The defendants pleaded the general issue, *non cepit.*

On the trial in the Circuit Court, the plaintiff read in evidence a certain paper writing, as follows:

" Delivered to Thomas Douglass, this day, 35 squares of lumber, now lying above the Angles on Black River: 2 squares

16 ⋈ 18, and 9 squares 16 ⋈ 16, and 24 12 ⋈ 16, now lying in the big eddy ; and he, the said Wm. K. Lewis, agrees to run for me 12 more squares, two-third fencing and the balance in inch boards, on or before the 15th of this month.

"WM. K. LEWIS.

"*Black River Falls, La Crosse County, May* 3, 1852."

The plaintiff also called a witness named Ulmer, who testified that he was present when the plaintiff and Lewis, who claimed to own the lumber, and whose initials were marked on it, went to the place where the lumber was lying in Black River, above the Angles, to make the delivery by Lewis to the plaintiff. Lewis and the plaintiff bargained for the lumber, which was in "strings," "cribs," or "squares," for rafting down the river. This was in April or May, 1852. There were cables on the "strings" of lumber fastened to the shore. The plaintiff was to pay Lewis $7 or $8 per thousand, and indorse the amount on a note which he held against Lewis. Douglass's name was put on the lumber. It was in the big eddy above the Angles. Lewis said he would get Dr. Gibson to run the lumber down. Douglass was to indorse the amount on the note, and to wait a year for the balance of the note. The note, he heard them say, was for $1,200.

Wm. J. Gibson was also called by the plaintiff, and testified that he was on the lumber in question, and met the plaintiff when he was going to get the delivery of it. Plaintiff wanted witness to run the lumber down. His price was $2 per thousand. The plaintiff said the running was to come out of the price of the lumber, if the plaintiff run it, or paid for running it, and desired the witness to see Lewis. Witness did not run the lumber. Saw plaintiff's name marked on the lumber, and Curtis and Garrett's name marked out. Lewis's name was also on it. Witness helped Lewis run part of the lumber. Understood from him that it was plaintiff's. Afterwards run four strings of this lumber over Hamilton's dam for defendants. Witness run the lumber for Lewis. His name was on the lumber, also the plaintiff's. Understood that the defendants claimed the lumber. The lumber was sawed at Lewis's mill.

There was other testimony introduced by the plaintiff not materially differing in character from the foregoing. It appeared that in August the amount of the lumber had not yet been indorsed on Lewis' note. The note and written "delivery" had been placed in the hands of one Elliott as collateral security, but returned by him to the plaintiff. The defendants introduced no evidence, and showed no title.

The plaintiff having rested, the defendants' counsel moved the court for a nonsuit, on the following grounds:

1. The plaintiff has failed to make out his case; the facts proven being insufficient in law to maintain the issue on his part.

2. He has failed to identify the lumber replevied as the supposed property purchased of Capt. Lewis.

3. That marking and taking a writing for the delivery of part of the lumber, did not in law constitute ownership or give the plaintiff the right of possession, the sale still being incomplete, until the subsequent condition of the indorsing the amount on the note held by plaintiff against Lewis was performed by the plaintiff.

The counsel for the plaintiff insisted that the going on to the lumber in the river, taking a written delivery of it and marking it, was a sufficient delivery; and also insisted that the sale and delivery was, under the testimony, a question of fact which should be left to the jury.

The circuit judge held that the sale was incomplete for the reason that the price of the lumber was not indorsed on the note, and sustained the motion for nonsuit, and rendered judgment accordingly, to which the plaintiff excepted.

Afterwards, a jury was called, to assess the damages of the defendant, who returned the following verdict, "they assess the value of the lumber replevied at four hundred and fifty dollars, and the damages at one hundred and fifty-three dollars, making a total of six hundred and three dollars," for which sum judgment was rendered in favor of the defendants, to reverse which the plaintiff has sued out this writ of error.

*Stevens & Wheeler*, for the plaintiff in error.

*H. S. Orton & Dennison*, for the defendant in error.

By the Court, SMITH, J.    This was an action of replevin com-
menced in the La Crosse Circuit Court, by the plaintiff in error,
against the defendants in error, for a quantity of lumber of the
value of five hundred dollars.

The declaration was in the cepit, to which the defendant
pleaded the general issue.    The record, as it is sent up here,
is, to say the least, very inartificial.    It is stated that on a cer-
tain day the defendants had leave to amend their plea.    After-
wards, it is stated that not having complied with the terms on
which leave to amend was granted, their default was entered.
Afterwards, it is stated that the payment of costs was a substantial
compliance with the order, and the default was set aside.    But
whether they ever did amend their plea, or if so, what amend-
ment was made does not appear.    The only issue, therefore,
presented by the record is the usual plea of *non cepit.*    We have
carefully examined the record, and all the papers in the case,
but have been unable to find any plea but the one above men-
tioned.    By the issue thus made, therefore, and the bill of
exceptions, must the rights of the parties be determined.

After the jury was impanneled, and the plaintiff had rested
his case, the defendants moved the court to nonsuit the plaintiff
for the reason that the proof offered by him did not make out a
case which entitled him to recover, which motion was sustained
and a judgment of nonsuit entered accordingly.

Afterwards, a jury was called to assess the damages of the de-
fendant by reason of the detention of the property by the plain-
tiff (the property having been delivered to the plaintiff by the
sheriff, by virtue of the writ), and after hearing the evidence, they
returned a verdict as follows: "they assess the value of the
lumber replevied at $450, and the damages at $153, making a
total of $603," whereupon judgment was rendered in favor of the
defendants, and against the plaintiff, for the amount last aforesaid.

Without stopping to inquire here whether the court below did right in granting the motion for a nonsuit, it is quite apparent that the judgment finally rendered in the case is erroneous. The plea of the defendants was the general issue, *non cepit,* which simply put in issue the wrongful taking of the property. It asserted no title in the defendants, and under it they were entitled to recover only nominal damages. The plea of *non cepit* does not entitle the defendant to a judgment of return, or for the value of the property in lieu thereof. Mr. Justice Bronson, in delivering the opinion of the whole court in the case of *Pearce vs. Van Dyke* (6 *Hill,* 613), says: " It is well settled that success upon the plea of *non cepit* does not entitle the defendant to a return of the property, or to the value as a substitute. He must add an avowry, or cognizance, or plead property in himself or a third person." *Pearce vs. Van Dyke,* 6 *Hill,* 613 ; *People vs. Niagara, C. P.,* 4 *Wend.* 207 ; *Bemus vs. Beekman,* 3 *id.* 667 ; *Smith vs. Snyder,* 15 *id.* 324 ; *Prosser vs. Woodward,* 20 *id.* 205.

How this case might have appeared had the plea been amended, or if so, had the amended plea been sent up as a part of the record, it is of course impossible to determine. The printed case purports to give an idea of the substance or effect of the plea, but we cannot regard that in contradiction or enlargement of the record. It is clear, therefore, that the judgment for the value of the property, and more especially for the damages for its detention by virtue of the writ of replevin, is erroneous.

As the adjudication of this point is sufficient to dispose of the case at this time, we might leave it here. But as it will go back for a new trial, it is, perhaps, our duty to express an opinion upon the ruling of the court below in regard to the motion for a nonsuit. And here we are also of the opinion that the court below erred. There was evidence to go to the jury. The articles sold at the time they purported to have been, did not admit of an immediate manual delivery and visible change of possession, and whether or not there was a sale and delivery under all the circumstances, considering the nature and condition of the lumber, the season, the custom of transfer and delivery, at and about the place, were questions which might well have been left

to the consideration of the jury. Moreover, we are altogether uninformed, either by plea or proof, of the defendants' alleged title, whether they claimed as judgment or as attaching creditors, or as subsequent or prior purchasers. They averred no title, they offered no proof of title. They may have, in fact, a good case, but they have chosen to risk it upon the defect of the plaintiff's title; and beyond this, without any averment of title or interest in themselves, they have sought and obtained not only the value of the property, but damages for its detention far beyond what interest would cover, all of which is entirely without justification by the record.

Judgment reversed, and a *venire de novo* awarded.