## JUNE TERM, 1868.

### JOHNSON, adm'r, vs. JAMES M. GARLICK.

*Replevin ; against whom it will lie.*

An action to recover possession of personal property will not lie against one who was not in the actual possession and control of it, and who disclaimed title or right of possession, upon demand made, pointing out the person in actual possession, although the property was in defendant's dwelling-house, and he advised the person in possession not to surrender it.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover the possession of a piano, alleged to belong to the estate of plaintiff's decedent. The court refused the following instruction asked by defendant : " If you find that, at the time the demand was made of defendant, he informed plaintiff that the property was not his, and that he had no control of it, but that Carlton Garlick, who was then present, was the owner and had the possession of it, plaintiff cannot recover."

Verdict and judgment for the plaintiff; and the defendant appealed.

*A. K. Brush,* for appellant.

*Jackson & Halsey,* for respondent.

DIXON, C. J. The judgment must be reversed and a new trial granted, for error of the court in refusing the fourth instruction asked by defendant. The plaintiff himself testifies that at the time he went to the defendant's house and demanded the melodeon, the defendant did not claim to be the owner of it, but said that " he had nothing to do with it." The defendant and Carlton Garlick both testify to the same fact. The defendant likewise testifies that he informed the plaintiff that it was the property of his son, Carlton ; and it appears very clearly from the testimony of all the witnesses that Carlton was the person

who claimed to own and hold it, and who had it, in fact, in his possession at the house of his father, where he resided in the character of a mere guest or lodger. All that the defendant did was what we presume any father or other person has a right to do, without rendering himself liable to an action in this form. When applied to by his son for advice as to whether he should surrender the melodeon upon the demand of the plaintiff or not, he advised him not to surrender it. Under these circumstances, we think it very clear that the instruction in question should have been given; and, because it was erroneously refused, the judgment must be reversed, and the cause remanded for a new trial.

*By the Court.* — It is so ordered.

# JUNE TERM, 1868.