## TIMP VS. DOCKHAM.

REPLEVIN:  (1–3) *When the action lies.* (4–7) *Pleadings therein.*

PLEADING:  (4) *Effect of general denial in replevin under the code.* (5) *Effect of traverse of plaintiff's title.* (6, 7) *Effect of notice by defendant that property and possession were in a third party.*

1.  As a general rule, replevin lies only in behalf of one entitled to the possession against one having, at the commencement of the suit, actual or constructive possession and control of the property.
2.  To this rule there are some exceptions, as where goods, wrongfully taken, *had been* in defendant's possession, though disposed of or consumed before suit brought. *Grace v. Mitchell*, 31 Wis., 533.
3.  The action will never lie where defendant *never has been* in either the actual or constructive possession. *Johnson v. Garlick*, 25 Wis., 705.
4.  Under the code, the general denial in replevin puts in issue not merely the taking or detention by him, but also the title and right of possession of the plaintiff; and under such general denial defendant may prove title or right of possession either in himself or in a stranger, or may in any other manner controvert plaintiff's title or right of possession; or he may show that he himself never had the possession, actual or constructive.
5.  It is the settled rule in replevin, that if defendant traverses plaintiff's title, he will be entitled, if he prevails, to a return of the property.
6.  Complaint alleging that plaintiff has the right of possession of certain property, and defendant unjustly detains it. Plaintiff obtained possession of the property under the statute. Answer, a general denial, with notice that defendant will prove that at the commencement of the action a stranger thereto held the property as agent or bailee for another stranger, who was the absolute owner. Plaintiff took a

voluntary nonsuit. *Held*, that defendant was entitled to a judgment (as demanded in the answer), for a return of the property.

7. The fact that defendant, by his notice, disclaimed both the possession and the right of possession, does not estop him from demanding such judgment; especially as plaintiff is equally bound by his averment that defendant was in possession, and by his admission (implied in his failure to prosecute the suit) that he had no cause of action.

APPEAL from the Circuit Court for *Sauk* County.

*Timp* brought his action of replevin in a justice's court, the affidavit, which was the complaint in the cause, alleging that he was the owner and lawfully entitled to the possession of certain horses, which were unjustly detained from him by *Dockham.* Plaintiff obtained possession of the property, under the statute. The answer denied all the allegations of the complaint, and gave notice that upon the trial defendant would prove that at the time of beginning the suit, the property was in the possession of one Wiseman, as the agent and bailee of one Crouch, who was the absolute owner thereof. The defendant demanded a judgment for the return of the property, as well as for costs, etc. The justice rendered judgment for the plaintiff for the possession of the property, subject to a lien of $75 in favor of Crouch; from which judgment defendant appealed to the circuit court. When the cause was reached for trial in that court, plaintiff refused to prosecute further, and consented to a nonsuit. A jury having assessed defendant's damages and found the value of the property, judgment was rendered for defendant for the return of the property, or, if a return could not be had, for its value; also for damages for its detention. From this judgment *Timp* appealed.

*N. W. Wheeler* and *C. C. Remington*, for appellant, argued *inter alia*, that defendant should be concluded by his answer; and, he having given notice therein that the property was in possession of Wiseman as bailee of the owner, Crouch, the judgment for the return of the property, or its value, was er-

roneous. A judgment of nonsuit in replevin decides nothing, but leaves the parties and property where it found them. By the general denial and notice, defendant says, in substance, that he never had and does not detain plaintiff's property. The doctrine is established in *Gallagher v. Bishop*, 15 Wis., 276, that where defendant thus pleads, and plaintiff·is nonsuited on that ground, the parties are placed in all respects in the same position as where, at common law, the defendant recovered on a plea of *non cepit* only. And see *Pierce v. Vandyke*, 6 Hill, 613; *People v. Niagara*, 4 Wend., 217; 3 Chitty's Pl., 1063, note (a); 8 Bac. Abr., 579. In replevin, if there be judgment of nonsuit after declaration, there can be no return of property unless there is a claim of property by defendant. Gilbert on Replevin, 169. Would a judgment for defendant in this case have barred an action by Crouch for the same property?

*Howard J. Huntington*, for respondent, contended that the notice, taken in connection with the rest of the answer, could not deprive defendant of a judgment for the property. In replevin, the plea of property in a third person is good, and entitles defendant to have return thereof, without connecting himself with the right of such person or making avowry. 1 Hill, 353. See also 1 Johns., 380–384; 21 Wend., 209; 3 Wend., 667; 2 Wend., 645; 5 Cow., 501. The statute requires, irrespective of the pleadings, that if a plaintiff discontinue,.fail to prosecute, or become nonsuited, the property shall be delivered to the defendant. R. S., ch. 120, sec. 145. It is true this section is found in the justice court act, but where a case begins in justice court, the provisions of the act seem to follow the case wherever it goes. .See *Warner v. Hunt*, 30 Wis., 200. The general statute, however, regulating trials and judgments in civil actions is equally clear. The jury are required, if they find for defendant, to give him a return of the property if he claim a return in his answer. Tay. Stats., ch. 132, § 14. And as to judgment the statute says: "If the property have been delivered to the plaintiff, and a defendant claim a return thereof,

Timp vs. Dockham.

judgment for the defendant may be for a return of the property, or the value thereof in case a return can not be had, and damages for taking and withholding the same." Tay. Stats., ch. 132, § 39.

DIXON, C. J. The sole question in this case is upon the right of the defendant in replevin to a judgment against the plaintiff for the return of the property, or, in case a return thereof cannot be had, for the value, where the property was taken by virtue of the writ issued in the action, and the possession thereof delivered by the officer to the plaintiff and retained by him, and where at the trial the plaintiff refused further to prosecute his action and consented to a nonsuit. The only peculiarity about the case is, that the defendant, in addition to his answer in general denial of each and every allegation in the complaint, likewise gave notice that he would prove upon the trial that the property mentioned in the complaint was, at the time of the commencement of the action, in the possession of a third person named therein, and that still another third person, also named, was the absolute owner, as whose agent and bailee the party in possession held the same. The action was commenced and issue joined in a justice's court, but the trial at which the plaintiff refused to prosecute took place in the circuit court, to which the cause had been removed by appeal. The complaint in the case was the affidavit in the usual form in justice's court, in which the plaintiff made oath that he was lawfully entitled to the possession of the property, and that the same was then ("is now") unjustly detained by the defendant.

The position assumed by counsel for the plaintiff is, that the defendant is to be taken, without qualification or hope of escape, at his word in the notice, that he was not in possession of the property, either actually or constructively, at the time the action was commenced, nor entitled to the possession, and that the judgment in his favor given upon the refusal of the plaint-

iff to prosecute is to be regarded as if obtained upon trial, and solely upon the ground of defense stated in the notice. If the plaintiff had proceeded to a trial, and the defendant had defeated the action on that ground, there can be no doubt that no judgment in favor of the defendant for a return of the property, or for its value, could have been rendered. This is settled by *Gallagher v. Bishop*, 15 Wis., 276. But here there was no trial, and hence it cannot be said the defendant prevailed on that ground. He prevailed because the plaintiff gave up the contest and voluntarily yielded in open court, thus virtually admitting that he, the plaintiff, had no right to the possession of the property in the first place, and that he had wrongfully obtained it by virtue of the writ of replevin which he had sued out and caused to be executed in an action which he could not maintain. The only way, therefore, in which counsel can apply the rule of *Gallagher v. Bishop*, or in which they seek to apply it to this case, is by holding the defendant absolutely concluded and estopped, for this and every other purpose, by the statement contained in his notice. The rule of conclusive admission or estoppel by pleading is not unfamiliar; and yet we never knew it carried to this extent. The facts stated in the notice, if proved, would have constituted a defense at the trial, but, on failure of proof, would not have precluded a successful resistance of the action by the defendant on any other ground within the issues presented by the general denial. The answer by general denial differs very widely from any pleading known in the action at common law. It is much more comprehensive, and indeed seems to cover almost every possible defense. At common law, if the defendant pleaded *non cepit* or *non detinet*, and nothing more, and succeeded on either of those pleas, he was not entitled to a return of the property. The right of the plaintiff to the property could only be put in issue by some plea formally traversing his allegation of title, or by specially pleading that the right of property was in some other person than the plaintiff. If the defendant claimed title

in himself, he must plead that fact ; or if in some third person, he must plead accordingly. *Chandler v. Lincoln*, 52 Ill., 74 ; *Douglass v. Garrett*, 5 Wis., 85. The cases of *Emmons v. Dowe*, 2 Wis., 322, and *Dimond v. Downing*, id., 498, were decided under the statutes then in force (R. S. 1849, ch. 119, sec. 23, and ch. 88, sec. 146), which declared that the plea of *non detinet* should "put in issue, not only the detention of such goods and chattels, but also the property of the plaintiff therein." See *Saunderson v. Lace*, 1 Chand., 231.

But the general denial, under the system of pleading now enacted, puts in issue not merely the taking or detention by the defendant, but also the title and right of possession in the plaintiff ; and under it the defendant may not only show that the plaintiff has no title or right of possession, but, by way of establishing that fact, he may prove title in himself or in a stranger. And for the purpose of showing that he did not take the property, or did not unjustly or unlawfully detain it, the defendant, under such denial, may prove that some other person took it, or that it was in the possession of and held by some other person at the time the action was commenced. The general rule governing the action is, that it lies only in behalf of one entitled to the possession, against one having, at the time the suit is begun, actual or constructive possession and control of the property. *Mitchell v. Roberts*, 50 N. H., 486. To this rule there are some exceptions, as where goods wrongfully taken have been in the possession of the defendant, though the same may have been put away, disposed of or consumed before the action is brought. *Grace v. Mitchell*, 31 Wis., 533, and authorities cited. But where defendant is not in the actual or constructive possession and control of the property, and has not been, the action will not lie. *Johnson v. Garlick*, 25 Wis., 705. In the present case, therefore, it would seem that the defendant might, under the general denial and without the notice, have given evidence of the same facts specified in the notice, if any such evidence had existed. The notice did not

in this respect enlarge the scope of the defense embraced in the general denial. If, with only the general denial pleaded, the defendant must have been understood and his answer interpreted as denying that he was in possession of the property at the time the suit was begun, and denying also that the property was or could have been taken from him and delivered to the plaintiff by virtue of the writ, then it is not perceived how the result contended for by counsel, if correct in this case, would not have been correct and would not have followed likewise in that. Holding the defendant to his denial, which was of every fact necessary to the maintenance of the action by the plaintiff, and so of the fact that the defendant was in possession of the property, either actually or constructively, at the time the action was instituted and the property seized by the officer under the writ, the conclusion in that case would be that the defendant had shown by his own pleading that he was not entitled to a judgment for return of the property in case the plaintiff voluntarily became nonsuit. It may be doubtful whether counsel for the present plaintiff would seriously contend for such a rule; but yet it seems to be the logical result of the position which they assume.

But again, if such far reaching and conclusive effect is to be given to the statements contained in the defendant's notice, what are we to say of the solemn averments found in the plaintiff's complaint, a document verified by the oath of the plaintiff himself? The complaint avers that the property was in the possession of the defendant at the time the action was commenced and writ issued. It avers that the property was then unjustly detained by the defendant, which could not have been unless the defendant was in possession. The record shows that the officer took the property by virtue of the writ as from the possession of the defendant, which was the extent of the authority conferred by the writ. Where replevin is brought, both parties become actors in the controversy for the possession of the property. The defendant, being equally an

actor with the plaintiff, is as much entitled to the benefit or advantage of any statements or admissions in the pleadings of the plaintiff as the plaintiff is to the benefit or advantage of any statements or admissions made by the defendant in his pleadings. The rule of estoppel or conclusive admission of fact by the record must be mutual in such a case. We cannot apply the rule and hold the defendant to the effect of an admission favorable to the plaintiff, and at the same time refuse to apply the rule and let the plaintiff out of the effect of the very opposite admission made by him in favor of the defendant. In this game of cross-purposes or counter-statements and admissions, the parties must have an equal chance at the winnings. The result of this view seems to be, that the opposing statements neutralize each other, and that neither party can take advantage of the admission of the other as against his own admission to the contrary.

The rule of law has long been settled, that when the defendant pleads property in himself or a stranger, or traverses the plaintiff's title, if he prevails he will be entitled to a return. The general denial here was a traverse of the title of the plaintiff and of his right of possession; and this case must be governed by the general rule. "If the defendant pleads property in himself, or in a stranger, in bar or abatement, if it is found for him, he shall have a return without an avowry." Story's Pleadings (at law), Oliver's ed., page 445. "In case of a non-suit before the defendant has had an opportunity to plead, he shall have return without an avowry." Ibid. "Pleas of property may be pleaded in abatement as well as in bar; and no avowry or cognizance for return need be made in these pleas, for they disaffirm the plaintiff's property, and a return follows of course." Id., page 456, note. "Where the plea in abatement is to the point of the action, as property is, the defendant shall have a return without avowry; for, whether the property be in the defendant or a stranger, the defendant ought to have return, because he had the possession which was illegally taken

from him by the *replevin* when the plaintiff had no right."
*Butcher v. Porter*, Salk., 94; *Parker v. Mellor*, 1 Ld. Ray., 217.
But it was otherwise where matter merely collateral was plead-
ed in abatement, for there it was necessary for defendant to
avow in order to have a return. Story, 445; *Hill v. Bloomer*,
1 Pin. Wis., 463. And the reason of the rule has been thus
again defined in a late case: " When it appears from the de-
fendant's plea, which is proved or admitted to be true, that the
chattels were not the plaintiff's, it follows that the plaintiff has
illegally taken them from the defendant, and has no right to
retain them against him; therefore they shall be returned.
When the defendant prevails upon such an issue, his right to a
judgment for a return is as clearly established as his right to
a judgment for costs." *Kaeffner v. Stratton*, 57 Maine, 360.

And the latter case is direct authority for the judgment
which was rendered in this. Upon a certificate of decision of
the law court, which was simply "plaintiff nonsuit," it was
held that the clerk rightfully entered up judgment for a re-
turn of the property replevied.

And in the same volume is the report of another case strongly
in point also, *Witham v. Witham*, p. 447. The action there was
replevin by one tenant in common against his cotenant for the
common property, which it was held could not be maintained;
and it was also held that where the plaintiff failed on that
ground, the defendant was entitled to a judgment for return.
It was argued that there should have been no such judgment,
because the plaintiff had the same right to the possession as the
defendant, and that her possession was his. But the court, by
APPLETON, C. J., said: " The jury having found the fact of
cotenancy, and in favor of the defendant, the presiding judge
ordered a return. This was the necessary result. The action
not being maintainable, the parties are to be restored to their
condition before the suit was instituted. Were it not so, a
plaintiff, *without right to maintain an action, would have the same
benefits as if he had the right.* He would succeed in obtaining

and retaining possession of the desired property *by virtue of a suit which by law he had no right to bring, and in which, having brought it, he is defeated.* The plaintiff, to recover, must show he is the exclusive owner, and has an exclusive right to the possession and control of the property replevied. This he has failed to do. The right of the defendant is equal to his. The goods replevied were not 'unlawfully taken or detained from the owner or person entitled to the possesson thereof.' They were rightfully in the possession of the defendant, and, the action not being maintainable, must be restored to him."

The foregoing remarks are in some respects very pertinent to the facts of the present case. The plaintiff, by his refusal to prosecute and consent to a nonsuit, admitted he had no right to the possession of the property, and that he had wrongfully obtained the same by virtue of the writ. He gave up the issue tendered by the defendant under the general denial, admitting that the defendant must prevail ; and, the property having been taken upon the writ, the presumption was it was taken from the defendant's possession, and he was entitled to a return, unless the contrary was expressly proved or shown, the burden of which was upon the plaintiff, if under the circumstances he would have the benefit of it.

*By the Court.*— Judgment affirmed.