## WILLIAMS vs. MORGAN.

*December 1 — December 17, 1880.*

REPLEVIN: OFFICER.   *(1) Rights of receiptor against levying officer.*
*(2) Right of officer to question* bona fides *of sale.*

1. In replevin against an officer who had seized, on an attachment against a third person, goods which plaintiff claimed as his own, it appeared that plaintiff gave the officer a receipt for the goods, and retained them in his hands; but defendant insisted at the trial that his seizure was valid, and that he had a right to hold the goods as property of the attachment defendant. *Held,* that plaintiff was not precluded by his receipt from maintaining the action.
2. In an action against an officer who has seized goods on attachment, he may question the *bona fides* of a prior sale by the attachment debtor to the plaintiff.

APPEAL from the County Court of *Winnebago* County.

Replevin. The cause was tried by the court, and judgment rendered for the plaintiff, from which the defendant appealed.

For the appellant there was a brief by *James Freeman,* and oral argument by *A. E. Thompson.*

For the respondent there was a brief by *Finch & Barber,* and oral argument by *Mr. Barber.*

COLE, C. J. It was insisted on the argument that this action could not be maintained, because, it was said, the evidence shows that the plaintiff was in the undisturbed possession of the goods as receiptor or bailee of the defendant when the suit was instituted, and consequently had no occasion to resort to this remedy. The proposition is doubtless correct, that replevin is a possessory action, brought to obtain possession of specific chattels, in which the plaintiff claims a general or special property, and the right to the possession thereof, and can only be sustained against one who has either actual or constructive possession of the property at the time of the suing out of the writ. This principle, in effect, was so de-

cided in *Gallagher v. Bishop*, 15 Wis., 276; *Johnson v. Garlick*, 25 Wis., 705; *Dudley v. Ross*, 27 Wis., 679; *Grace v. Mitchell*, 31 Wis., 533; *Lathrop v. Cook*, 14 Me., 414; *Gaff v. Harding*, 48 Ill., 148. But where an officer seizes and possesses himself of chattels under a writ in such a manner as to enable him to maintain trespass or replevin against a wrongful taker thereof, there replevin may be brought against the officer by the real owner, if a stranger to the writ. *Gallagher v. Bishop, supra; Sewall v. Nichols,* 34 Me., 582. See, also, *Morse v. Hurd,* 17 N. H., 246. But it does not appear from the evidence in the case, as argued by counsel, that the plaintiff was in fact in the undisturbed possession and control of the goods in controversy when the suit was commenced, but the contrary inference must be made. It is indisputable that the defendant, as sheriff, seized the goods by virtue of a writ of attachment against J. J. Williams, the plaintiff's vendor, issued in favor of the East Trenton Pottery Company. The defendant seized and took possession of the goods as the property of the attachment debtor, and he justifies the taking under his process on that ground. Upon the trial, he endeavored to make good that defense, and offered in evidence the affidavit and proceedings in the attachment suit, which, it was conceded, resulted in a judgment against J. J. Williams. The defendant further attempted to prove that the sale to the plaintiff was void as against J. J. Williams' creditors. Under these circumstances, where the defendant claims and insists upon his right to take and hold the goods under the attachment proceedings against J. J. Williams, as against the plaintiff, it surely does not lie in his mouth to affirm that he exercises no control or custody over them.

In the language of Mr. Justice PAINE: "The same acts which constitute a taking and holding possession by the officer, where he holds goods that are liable to seizure, should be held to be a taking and holding where he seizes the wrong goods, for the purposes of a remedy to the owner; and it is

an injustice to say to an owner that an officer may seize his goods, under process against another, in such a manner that he will himself be liable to the officer in trespass if he meddles with him, unless he can prove title, and yet that he has no legal remedy, except thus to take the law into his own hands and become a defendant in an action of trespass. When the law places him in such a position that he will be liable in trespass for taking the goods if his claim is unfounded, consistent justice requires that it should furnish him a legal remedy to test the validity of the claim." *Gallagher v. Bishop*, *supra*, p. 282.

It appears that the goods, when seized by the defendant upon the attachment, were in a store actually occupied by the plaintiff. The testimony shows that the defendant did not take the goods from the store, but "piled them up in one corner," and claimed that he had possession of them; and he doubtless had constructive if not actual possession of them, and might have maintained an action against one who interfered with or disturbed that possession against his will. But the plaintiff testified on the trial that he gave the defendant a receipt for the goods, and this, it is insisted, precluded him from bringing an action against the defendant for taking them. What were the terms of the receipt does not appear, as the instrument was not put in evidence. We cannot, however, presume that it contained anything which would estop or preclude the plaintiff from claiming the goods as his own, or from bringing an action to recover possession of them. Indeed, since the defendant did not see fit to put the receipt in evidence, the fair presumption is that it contained nothing which would prevent the plaintiff from recovering the goods, or from resorting to all legal remedies.

In *Morse v. Hurd, supra,* it was held that the owner of chattels, attached on an action against another, could maintain trespass for them although he had given a receipt in the usual form to the officer making the attachment. *Robinson v.*

*Mansfield*, 13 Pick., 139, lays down substantially the same doctrine. In an action by an officer upon a receipt, this court has held in several cases that the receiptor was not estopped from showing that the property was exempt, and had been returned to the real owner, and thus relieving himself from responsibility, unless the officer, under the circumstances, would be liable to account for it to some creditor. *Main v. Bell*, 27 Wis., 517; *Heath v. Keyes*, 35 Wis., 668; *Perry v. Williams*, 39 Wis., 339. It would seem to follow from these decisions, that the plaintiff, in an action brought on the receipt, might show that the property belonged to him. But, however that may be, in view of the defense, we think the question does not necessarily arise here, whether, ordinarily, one who has given a receipt for a chattel to an officer can maintain an action of replevin against such officer for the chattel.

The county court found upon the evidence that the plaintiff was the owner and entitled to the possession of the goods when the action was commenced, and that the defendant unjustly took and unlawfully detained the same. It is impossible to say that this finding is unsupported by the testimony; for the defendant strenuously insists up to this moment that his seizure of the goods upon the attachment is valid, and that he has the right to hold them as the property of J. J. Williams. Under these circumstances, there is no ground for saying that the defendant had not such possession of the goods, at the time this suit was commenced, that the action could be maintained.

The principal contention in the court below was in regard to the validity of the sale made by J. J. Williams to the plaintiff. It is said by plaintiff's counsel that the defendant was in no position to question the *bona fides* of that transaction. But by the evidence which the defendant introduced without objection, it was clearly shown that he represented a creditor of the vendor, and came within the rule laid down in

*Bean v. Loftus*, 48 Wis., 371. By implication, the county court found that the sale was not impeached for fraud, and in that view we concur.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.*— Judgment affirmed.