## HOWER v. WEISS MALTING & ELEVATOR CO. et al.

(Circuit Court of Appeals, Second Circuit. April 18, 1893.)

1. INJUNCTION—ADEQUATE REMEDY AT LAW—TRANSFER OF SECURITIES.

Complainant alleged that he had deposited his note and stock, as collaterals, representing a controlling interest in a corporation, in the hands of a third person, to be delivered to defendant upon its performance of certain things, and that defendant had wrongfully gotten possession of the note and stock before such performance, and was about to dispose thereof. *Held*, that a prayer for an injunction was properly granted, there being no adequate remedy at law in case of a sale of the stock to an innocent purchaser, nor could the loss of the controlling interest be properly measured in damages. Wallace, J., dissenting.

2. SAME—REMEDY BY REPLEVIN.

In such case, also, he could maintain no action to recover the stock without tendering the money for which it was pledged, which would not be an adequate remedy, since he was entitled to hold defendant to its agreement without himself assuming any greater burden than he originally undertook. Wallace, J., dissenting.

3. ACTION AGAINST NATIONAL BANK — INJUNCTION — JURISDICTION OF CIRCUIT COURT.

Rev. St. U. S. § 5242, providing that no injunctions shall issue from a state court against a national bank before final judgment, does not deprive the federal circuit court of power to issue such an injunction, or to continue, after removal of the case, an injunction previously granted by a state court. Bank v. Mixter, 8 Sup. Ct. Rep. 718, 124 U. S. 721, distinguished.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

In Equity. Action by Fred Hower against the Weiss Malting & Elevator Company and the First National Bank of the City of New York, commenced in the supreme court of New York, and removed to the federal circuit court. Defendants appeal from an interlocutory order continuing an injunction pendente lite granted by the state court. Affirmed.

Emanuel J. Myers, for appellant Weiss Malting & Elevator Co.
Fisher A. Baker, for appellant First Nat. Bank.
W. C. De Witt, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. This action was brought in the supreme court of the state of New York, and was removed from that court to the United States circuit court for the eastern district of New York. Prior to the removal, the state court had granted an injunction restraining the defendants from transferring, disposing of, or in any wise interfering with, certain certificates of stock, representing 8,102 shares of the Fred Hower Brewing Company, during the pendency of the action. After the removal the defendants moved in the circuit court to dissolve the injunction. The circuit court, held by Judge Benedict, after hearing the parties, made an order denying the motion to dissolve, and continuing the injunction in force. The defendants have appealed from this order.

It is insisted for the appellants that the injunction should not have been granted, because the case presented by the pleadings is not one of equitable cognizance, but one in which the plaintiff has an adequate and complete remedy at law. Succinctly stated, the facts shown by the bill of complaint are these: On or about September 23, 1891, the defendant the elevator company had acquired 2,503 shares of the stock of the Fred Hower Brewing Company, pursuant to an agreement between the plaintiff and the elevator company that the plaintiff should buy the stock for the sum of $25,-033, payable in five years thereafter, in equal semi-annual installments, and that, as a security for the payment, the elevator company should hold in pledge these shares, together with 5,600 other shares of similar stock owned by the plaintiff. Shortly afterwards the elevator company delivered the stock to the plaintiff, and these shares, together with the other 5,600 shares, were left with one Meyers, acting for both parties, "upon the express understanding and agreement between the plaintiff and the elevator company that the said shares of stock should not be given or delivered to the elevator company until the agreement aforesaid had been reduced to writing, and executed by the elevator company." Pending the execution of the written contract, the plaintiff, at the solicitation of the elevator company, without any consideration therefor, and solely for its accommodation, and upon its promise that it would carry and renew the same for the period of five years, running parallel with the periods described in the agreement aforesaid, signed a negotiable promissory note, payable six months after date, to his own order, and indorsed by him, for $25,033, and delivered it to Meyers upon the agreement with the elevator company that Meyers was not to deliver the note to it until the execution of the aforesaid written agreement. The note contained a recital that the maker had deposited, as collateral security for the payment of the note, two certificates of stock, one being for the 2,503 shares, and the other for the 5,600 shares, and a condition authorizing the holder, in case of default in the payment of the note, to sell the certificates at public or private sale, and apply the proceeds to the payment of the note. Shortly afterwards the elevator company "fraudulently and wrongfully obtained from said Meyers' possession the note, and all of plaintiff's securites aforesaid, and departed therewith from the state, without signing or executing the agreement reduced to writing as aforesaid;" placed the note and the certificates in the hands of the defendant the First National Bank of the City of New York for collection; and refused, and still refuses, to execute the written contract. When the note became due, the defendant the bank made presentment, and demanded payment of the plaintiff. The bill alleges that the defendants propose to sell and convert the shares of stock to their own use. The bill also alleges that the stock in question represents nearly all the property which plaintiff owns, that it has no market value, and that, if sold, it will be sacrificed at a loss of more than two thirds of its value. The prayer of the bill is that the defendants be enjoined from selling, or in any way disposing

of, the stock certificates, and that the elevator company cancel and destroy the stock note.

The chief contention of the appellants is that the complainant has an adequate remedy at law, and therefore cannot maintain a suit in equity to restrain the defendants from enforcing the note or disposing of the stock. If it were only a question of the note, this objection would no doubt be a sound one. All the equities could be pleaded against the payee, or, the note being now past due, against any one to whom he might transfer it. But the fact that a sale of the stock, which, for all that appears in the papers, might clothe the purchaser thereof with a title superior to complainant's equities, puts the case in an entirely different aspect. The stock is apparently of uncertain value; it represents a controlling interest in the corporation; and, in view of these circumstances, the possible recovery in any action for damages for its conversion would not be an adequate remedy. The theory of damages for the conversion of such property is that the sum recovered by plaintiff will put him financially in the position he was in before the conversion, but it is by no means certain that any possible recovery in such action would give to the plaintiff the equivalent of the controlling interest in the corporation.

Nor would an action for replevin lie. Complainant has no right to the possession of the stock. Upon the facts as set out in the bill he parted with his possession under an agreement by which the right to such possession was transferred to another party until complainant should have paid $25,033, and he had five years in which to pay such sum. He could maintain no action to recover the possession of the stock without tendering the $25,033 for which it was pledged. Such an action, requiring such anticipation of his promised payment, is not an adequate remedy. He is entitled to hold the defendant to his agreement, without himself assuming any greater burden than he originally undertook. As the damage which would probably be suffered by the plaintiff if the securities were sold is irreparable, and the bill and affidavits make out a case for equitable relief, and no irreparable injury would result to the defendant should the injunction be continued until all the facts are fully brought out upon the trial, the order appealed from should be affirmed.

On behalf of the defendant the First National Bank of the City of New York it is also insisted that under section 5242, Rev. St. U. S., there was no power in the state court to issue this injunction, nor in the United States circuit court to continue it. The practical effect of Judge Benedict's order was to enjoin the defendants pending the litigation, and, if that court had the power to issue an injunction against a national bank, such order should be sustained, irrespective of the question whether the state court which originally enjoined the defendant bank had or had not power to make such an order. The prohibition upon which the defendant bank relies is found at the close of section 5242, Rev. St. U. S., in the following language: "No attachment, injunction, or execution shall be issued against such association [a national bank] or its property before

final judgment in any suit, action, or proceeding in any state, county, or municipal court." This clause contains no direct restriction upon the power of circuit courts of the United States. It was held in Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. Rep. 718, that under this provision a circuit court was not authorized to issue attachments on mesne process against a national bank. That conclusion, however, was reached because the only grant of such power to the circuit court was found in section 915, Rev. St. U. S., which provides that "in common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof." Inasmuch as the prohibition of section 5242 left the state courts without power to grant attachments on mesne process against national banks, no such power was conferred on the circuit court by section 915. The power to issue an injunction, however, is inherent in the original jurisdiction in equity which is conferred upon the circuit courts by section 629 of Rev. St. U. S., and its various amendments, and is not curtailed by the provisions of the section upon which the appellant bank relies.

The order appealed from should be affirmed, with costs.

WALLACE, Circuit Judge, (dissenting.) I dissent from the opinion of the court upon the ground that, upon the case made by the plaintiff's bill, he is not entitled to any equitable relief. There may be facts which are not stated in the bill, by reason of which he may be entitled to resort to a court of equity, but his rights are to be considered upon the facts as he has presented them. Of course, he should not have the preliminary remedy if he is not entitled to the final one. Upon the statement of it, the case is one in which he has a complete and adequate remedy at law by an action of replevin for the recovery of the certificates. Replevin lies for all species of tangible property, whether choses in possession or in action,—for books of account, vouchers, and written instruments of every kind, as well as for negotiable securities. Bank v. Bingham, 118 N. Y. 349, 23 N. E. Rep. 180; Baker v. Fales, 16 Mass. 147; Drake v. Auerbach, 37 Minn. 505, 35 N. W. Rep. 367; Savery v. Hays, 20 Iowa, 25; Plentge v. Priest, 53 Mo. 540; Roberts v. Bank, 19 Pa. St. 73; Gibbs v. Usher, 1 Holmes, 348. Such an action is the obvious, as well as the complete and adequate, remedy for the wrongs set forth, if, as the plaintiff alleges, the stock note was merely an accommodation note, and the elevator company repudiates the agreement to that effect, and insists upon collecting the note, and proposes to sell the collateral pledged by it to satisfy the amount. I cannot see any obstacle in the way of maintaining such an action. It seems to me there is no force in the suggestion that the elevator company could defeat the action upon the theory that it is entitled to the possession of the certificates until the payment of the purchase money for the shares bought of it by plaintiff. By taking the stock note, and asserting a right to enforce it as a valid obligation of the plaintiff, the elevator company is estopped, until it has restored the certificates to

the plaintiff, from setting up any other right or claim to them than that of a pledgee according to the terms of the stock note, upon the principle that the bailee of property cannot dispute the title of the bailor, or set up any claim to it inconsistent with the terms of the bailment. The Idaho, 93 U. S. 575; Osgood v. Nichols, 5 Gray, 420; Supervisors v. Allen, 99 N. Y. 539, 2 N. E. Rep. 459; Williams v. Morgan, 50 Wis. 548, 7 N. W. Rep. 541; Jarvis v. Rogers, 15 Mass. 389; Beckett v. Bradley, 7 Man. & G. 994; Wiles v. Woodward, 20 Law J. Exch. 261; Bank v. Alexander, 120 Pa. St. 476, 14 Atl. Rep. 402. For these reasons I think the order appealed from should be reversed.