## SAXTON VS. WILLIAMS.

If an officer seizes mortgaged goods in possession of the mortgagor, on an attachment against him, the mortgagee still retains his right of taking possession according to the terms of the mortgage, upon forfeiture or otherwise, just as though the possession were with the mortgagor.

But if the mortgagor has, as against the mortgagee, the right to the possession of the property for any definite period of time, that interest may be attached or seized and sold upon execution.

The decisions in *Cotton vs. Marsh*, 8 Wis., 241, and *Cotton vs. Watkins*, 6 id., 635, considered and explained.

Where chattels mortgaged have been lawfully seized under an attachment against the mortgagor, the rule of damages in replevin by the sheriff against the mortgagee who has unlawfully taken them from his possession, is, the value of the mortgagor's interest, i. e., the value of the property over and above the mortgage debt.

APPEAL from the Circuit Court for *Juneau* County.

This was an action to recover the possession of certain logs which the plaintiff, as sheriff of Juneau county, had levied upon under an attachment against Douglass and Bacon, and which had been taken from his possession by the defendant, *Williams*.

On the trial, it appeared that the defendant, at the time of the levy, held a mortgage upon the logs in question, from Douglass and Bacon, by the terms of which the mortgagors were to saw the logs into lumber, and deliver the lumber to him as fast as sawed, or run it to market and sell it as his

agent; and on their failure to do so, he was empowered to take immediate possession. There was evidence tending to show that the mortgagors had failed to perform their agreement before the levy was made; and some evidence tending to show that the defendant was in possession of the logs at the time of the levy. The defendant asked the court to charge the jury that the plaintiff acquired no greater right to the property by his levy than the mortgagors had; that he acquired only a right to its possession until the mortgagee claimed it, unless, when such claim was made, he paid off the mortgage. This instruction the court refused, and charged the jury, among other things, as follows: " The whole case depends on the fact as to whether *Williams* had the possession at the time of the levy; if he had, the plaintiff cannot recover. If Douglass and Bacon had the possession, then the plaintiff is entitled to a verdict."

Verdict for the plaintiff, assessing the value of the logs in controversy, and damages for the detention. Motion for a new trial overruled, and judgment upon the verdict.

*Alva Stewart* and *N. S. Ferris*, for the appellant, argued, among other things, that the mortgagors had, at the time of the levy, no interest subject to the attachment. In order to have such an interest, they must have had at the time a right to the possession for a definite period. After forfeiture, or where, by the terms of the mortgage, the mortgagee has the right to the possession at any time, there is no such interest in the mortgagor. Crocker on Sheriffs, § 450; 1 Coms., 295; 1 Kern., 501; 3 id., 577; 4 id., 22; 5 Seld., 40; 3 Wis., 221; 6 id., 629; 6 Gray, 124; 4 id., 330; 4 Mich., 295; 4 Sandf. (S. C.), 607; 8 Wend., 347; 10 id., 320; 17 id., 53; 2 Hill, 328; 4 id., 271; 1 Barb., 542. 2. If the case of *Stief vs. Hart*, 1 Coms., 20, is authority, and it is held to be the law here that the sheriff may take pledged property out of the hands of the pledgee for the purpose of sale or execution, and deliver it to the purchaser, and if the law is to be regarded as if the statute provided in terms that when goods and chattels shall be pledged or mortgaged, *the right and interest* of the pledgor or mortgagor may be taken and sold on execution, it would not settle this case in favor of

the plaintiff. The right and interest of the mortgagor that might be taken and sold, would have to be held to be the right and interest before forfeiture, because after forfeiture no right or interest remains in the mortgagor. R. S., chap. 134, sec. 21; 4 Kent's Comm., 9th Ed., 154. Again, if the statute were even interpreted as giving the sheriff a right to levy upon mortgaged property and take it from the possession of the mortgagee after forfeiture, upon an *execution*, it would by no means follow that he could take it upon an *attachment*. It could be conceded that the legislature intended to allow the sheriff to take and control the possession for a sufficient length of time to make a sale on execution, without conceding that they intended to give him such right on attachment, which might result in keeping it from the mortgagee, after forfeiture, during years of litigation which he could not control.

*L. Van Slyck*, with whom was *Mat H. Carpenter*, for respondent:

The law is well settled in this state, that a creditor may attach the mortgagor's interest in personal property, subject to the paramount right of the mortgagee; and may take possession thereof from the mortgagor. *Cotton vs. Marsh*, 3 Wis., 221. In *Cotton vs. Watkins*, 6 Wis., 629, this court decided that the residuary interest of the mortgagor is subject to seizure and sale on execution, but that the property could not be taken by a creditor from the possession of the mortgagee after he had reduced it to possession for the purpose of making his debt out of it. From these two decisions it results, that the sheriff, with execution or attachment, may take mortgaged goods from the possession of the mortgagor, but not from the mortgagee. The lawfulness of the sheriff's levy in this case, therefore, depends upon the question whether the mortgagor or mortgagee was in possession.

May 15.     *By the Court*, PAINE, J. The court below erred in instructing the jury that their verdict should depend on the question whether *Williams*, the defendant and mortgagee, or Douglass & Brown, the mortgagors, had possession of the property. The authorities sustain the position, that where

the mortgagor has, as against the mortgagee, the right to the possession of the property for any definite period of time, there his interest may be attached, or seized and sold, subject to the mortgage ; but that if the mortgagee is in possession or has an immediate right to the possession, then that right cannot be defeated by the levy of an attachment or execution.

Many cases go so far as to say, that after forfeiture the mortgagor has no interest capable of being seized and sold. *Eggleston vs. Mundy,* 4 Gibbs (Mich.), 295, is of this kind, and cites many others to the same effect. Other cases imply the same thing by affirming that where the mortgagor has the right to retain the property for a definite period of time, that is such an interest as may be seized and sold. *Bank vs. Crary,* 1 Barb., 549-550 ; *Hull vs. Carnley,* 1 Kern., 505 ; *Beach vs. Derby,* 19 Ill., 622 ; *Bailey vs. Burton,* 8 Wend., 347-8 ; *Wheeler vs. McFarland,* 10 id., 322 ; *Randall vs. Cook,* 17 id., 57-8

The only doubt which could arise upon the point would seem to grow out of the language of this court in *Cotton vs. Marsh,* 3 Wis., 241, and *Cotton vs. Watkins,* 6 id., 635. But I am unable to come to the conclusion that either of those cases sustains the position that the right of a mortgagee of chattels to take possession upon a forfeiture or according to the provisions of the mortgage, can be defeated by the levy of an attachment upon the interest of the mortgagor. It is true, the language in *Cotton vs. Marsh* would seem to extend the right to seize and sell the mortgagor's interest, to cases after forfeiture, and even where the mortgagee was in possession. Yet it is said expressly, that if the mortgagee is in possession, the officer cannot deprive him of it. This shows that in the opinion of the court, there was some mode of seizing and selling the mortgagor's interest, without disturbing the possession of the mortgagor. And if there is such a mode, it is obvious that it may be pursued equally well although the mortgagee is allowed to take possession after the levy, where his right to do so accrues thereafter. The case of *Randall vs. Cook,* before cited, shows that although a levy is properly made before forfeiture, while the mortgagor has

the right to the possession, yet the mortgagee may, after forfeiture, maintain replevin against the officer for the detention of the goods, though not for the taking. When therefore this court, in *Cotton vs. Marsh*, says that the mortgagee cannot be deprived of his possession, and that in all cases the taking by the officer must be "subservient to the paramount interest of the mortgagee," it seems to me to follow, that if the officer seizes while the property is in possession of the mortgagor, the mortgagee still retains his right of taking possession according to the terms of his mortgage, upon forfeiture or otherwise, just as though the property was still with the mortgagor. All the cases say that the seizure must be subject to the mortgagee's right, and this right of taking possession is one of those rights subject to which the seizure must be made. And the same reasoning which would prevent the officer from depriving the mortgagee of possession, would also prevent him from being deprived of the right to take possession.

So too in *Cotton vs. Watkins*, the court, while recognizing the general right of creditors to reach the mortgagor's interest, expressly holds that the mortgagee has the "right to the possession for the purpose of obtaining the payment of his debt, and whosoever wrongfully takes the goods from his possession before this is accomplished, is a trespasser." What would be the precise method in which the officer would sieze or sell the mortgagor's interest after forfeiture, and notwithstanding the possession of the mortgagee, if those two cases shall be held to have established such right of seizure and sale, they do not explain. Both cases refer to our statute authorizing the sale on execution of the interest of the pledgor in property pledged. But it seems to me there is such a marked difference between the rights of a pledgee and a mortgagee at law, as prevents that statute from having a very direct bearing upon the question. In *Stief vs. Hart*, 1 Comstock, it was held, under a similar statute in New York, that the officer might deprive the pledgee of the possession temporarily for the purpose of a sale on execution of the pledgor's interest, but that possession could not be deivered to the purchaser without paying the debt due the

pledgee. The decision was made by a court equally divided, and consequently, so far as its authority is concerned, it is as much one way as the other. This court, in *Cotton vs.* *Marsh,* certainly did not extend that decision to the case of a mortgagee, for they expressly held that the officer could not deprive the mortgagee of possession. Yet our statute contained a provision similar to that on which the decision in *Stief vs. Hart* was based, that personal property must be within view at the sale. Sec. 59, chap., 102, R. S. 1849. I see no way of explaining the language of this court in the cases referred to, except on the theory that they held with the judges in *Stief vs. Hart* whose opinions did not prevail, that the property might be sold by the officer under the statute relating to pledges, and in other similar cases, without taking actual possession or disturbing the possession of the mortgagee or pledgee. If this conclusion should be sustained, it would furnish a clear and simple rule as a guide for officers in such cases, which would never be liable to the objection of suspending or interfering with a prior paramount right, while professing to proceed subject to it.

But however this may be, and even though the prevailing opinions in *Stief vs. Hart* are held correct as applicable to pledges, and even though the same rule should be extended to a sale, on execution, of the interest of a mortgagor of chattels, I think it clearly cannot be extended to an attachment. In the first place, that decision was based entirely upon the positive provisions of the statute; and certainly that reason cannot be relied on in favor of the attachment, for the statute provides only for a sale on execution. And to sustain such a right in the case of an attachment, would occasion a much more serious interference with the rights of the mortgagee, than it would in the case of an execution. In the latter, there would be nothing to do but to sell immediately; while in the former, the attachment is levied usually at the commencement of the litigation, which may last for years. And it would be a very serious wrong and injury, if the rights of a mortgagee, to collect his debt out of the property, or to take it and hold it unless the mortgagor should proceed to

January Term, 1862.

redeem, could be suspended during all that time.  I do not think such is the law.

The court below, therefore, should have told the jury that if the appellant had a chattel mortgage upon the property, by the terms of which, in consequence of forfeiture or otherwise, he had a right to the possession of the property, as against the mortgagor, at the time he took it, then he was not liable to this action for such taking.

It might also be suggested, that if the facts were such as would sustain this action, the rule of damages would be the value of the mortgagor's interest, that is, the value of the property over and above the mortgage debt.  See *Ward vs. Henry, ante*, p. 239.  The judgment is reversed, with costs, and a new trial ordered.