KENNEDY vs. WAUGH, impleaded with others.

*Surprise, or excusable neglect — Judgment set aside.*

Ordinarily, an error or insufficiency in the pleadings discovered upon the trial should be corrected by moving without delay for leave to amend; but if, through surprise or confusion of mind, such a motion is not made until after judgment is entered, it is still within the discretion of the court to set aside the judgment and allow a new trial upon an amended answer.

APPEAL from the Circuit Court for *Columbia* County.

Action to foreclose a mortgage. The complaint charged the defendant *Waugh* with claiming title to the mortgaged premises under a tax deed, but that said tax deed was taken and held by him for the benefit of and in collusion with the mortgagor, for the purpose of cutting off the plaintiff's mortgage. *Waugh's* answer set up a claim of title under a tax deed issued subsequently to the date of the mortgage, but failed to traverse the charge of collusion in its procurement, contained in the com-

plaint; and on the trial, judgment was rendered for the plaintiff. At the next term, said defendant presented affidavits, showing misapprehension and surprise as to the state of the pleadings as they appeared on the trial of the action, and assigning various reasons and excuses for such surprise, and for the neglect of his attorney to make proper answer to the complaint; and thereupon moved to set aside the judgment, for leave to file an amended answer, and for a new trial. From an order allowing the motion upon terms, the plaintiff appealed.

*E. Mariner* and *David S. Ordway,* for appellant, insisted that the application to file an amended answer on the ground of surprise was too late. It should have been made at least upon trial and before judgment. However excusable might have been the neglect of respondent's attorney in failing, through loss of copy of the complaint and misapprehension of its contents, to put in a sufficient answer in the first instance, there certainly was no excuse left, except either *forgetfulness* or *ignorance* of the law, when, after reading the pleadings in court, he deliberately went on with the trial, relying on the sufficiency of his answer. But neither *ignorance* of the law, nor of a rule of pleading, nor *forgetfulness,* is a sufficient excuse. *Handy v. Davis,* 38 N. H. 411; *Bond v. Cutler,* 7 Mass. 207; *McQueen v. Stewart,* 7 Port. (Ind.) 535; *Yates v. Monroe,* 13 Ill. 213; *Richards v. Nuckolls,* 19 Iowa, 555; *Alger v. Merritt,* 16 id. 121; *Farmers' & Citizens' Bank v. Sherman,* 33 N. Y. 80; Hilliard on New Trials, 85; Gr. & Wat. on N. T. 185 *et seq.*

*I. Holmes & J. C. Prentiss, contra,* contended that the respondent had used due diligence. On being served with the summons in the action of foreclosure, he had acquainted his attorney with the facts requisite to his defense, and was afterward informed by his attorney that the complaint was duly answered. The trial was had in his absence, on account of sickness, and his defense was as completely shut out as if there had been no answer in the case whatever. The applica-

tion, therefore, for a new trial on an amended answer, was addressed to the sound discretion of the court, and to have refused it would have been, under the liberal construction of our statutes, an abuse of that discretion. *Catlin v. Henton*, 9 Wis. 497, note; *Johnson v. Eldred*, 13 id. 482; *Hanson v. Michelson*, 19 id. 499; *Holden v. Kirby*, 21 id. 149; *Wicke v. Lake*, 21 id. 410.

DIXON, C. J. The mistake of the defendant's attorney in not putting in an answer in the first instance, denying the collusion in the procurement of the tax deed, as charged in the complaint, is conceded by counsel for the plaintiff to have been a sufficient ground for an application for leave to amend at any time before or at the trial; and the only question is, whether the right to such relief was lost by delaying to make the application until after trial and judgment. This is a question of diligence on the part of the attorney for the moving party. If the mistake was discovered before trial, so that leave to amend could have been asked for, or at the trial under circumstances where such application ought to have been made, or if the attorney for the respondent was inexcusably negligent in not having discovered the mistake at an earlier period, then the application after judgment should be denied. The mistake here was discovered at the trial. Of this there can be no doubt. Was the attorney guilty of negligence in not having discovered it before? We think not. Having fallen into the mistake, and never doubting that the answer was such as to let in the defense, it is very natural that it should not have occurred to him to examine the pleadings lest there might be some possible defect by which the defense would be excluded. At all events, his failure to examine the pleadings was, under the circumstances, not such inexcusable negligence as ought to defeat the application.

Should the motion for leave to amend have been made at the

trial? This is the most difficult point in the case. Ordinarily we should say that the motion could not with safety be omitted; but in view of the facts of this case we are inclined to hold the omission excusable on the ground of surprise, that being one of the grounds for relief mentioned in the statute. The attorney was no doubt greatly surprised by the objection, which was so suddenly sprung upon him at the trial; and if, in the confusion of mind which ensued, he omitted to make the motion, it seems to us that his client ought not to lose the benefit of a valid defense to the action as a consequence of such omission. The statute under which the application is made is a remedial one, and as such has received a liberal construction at the hands of this court, as will be seen by reference to the following cases: *Catlin v. Henton*, 9 Wis. 497, note; *Johnson v. Eldred*, 13 id. 482; *Hanson v. Michelson*, 19 id. 499; *Holden v. Kirby*, 21 id. 149; *Wicke v. Lake*, id. 410. We are of opinion, therefore, that the order appealed from was correct, and should be affirmed.

*By the Court.* — Order affirmed.