Shinners vs. Brill and another.

## SHINNERS vs. BRILL and another.

AMENDMENT OF COMPLAINT. (1, 3) *New cause of action*, puis darrein continuance, *not pleadable by amendment.* (4) *Can suit in equity be changed into action of tort?*

CHATTEL MORTGAGE: ACTION. (2) *Mortgagee, before entitled to possession, cannot maintain trover.* ·

1. A complaint cannot be amended by leave of court, so as to set up a new and distinct cause of action accruing *puis darrein continuance.*
2. Where, by the terms of a chattel mortgage, the mortgagor is entitled to possession until default made, the mortgagee cannot, before default, maintain a possessory action against an officer who has levied on the goods as property of the mortgagor.
3. Pending a suit in equity by the mortgagee in such a case, to restrain the sale or removal of the goods, default was made in the condition of the mortgage; and thereupon he was allowed to amend his complaint by substituting one in trover. *Held*, error.
4. Whether, under the code, an equitable proceeding can ever be changed by amendment into an action *ex delicto*, is not here considered.

APPEAL from the Circuit Court for *Outgamie* County.

The original complaint, served January 21, 1875, alleged, among other things, that on November 30, 1874, the defendant Nolan, being indebted to the plaintiff, executed to him a note for $200, payable six months from date, and a chattel mortgage securing it; that nothing had been paid on the debt; that the value of the mortgaged property was $400, but at forced sale it would not realize more than $300, which was not more than enough to satisfy plaintiff's demand, with costs; that on January 15, 1875, the defendant *A. L. Smith* commenced suits and caused attachments to be issued against the

property of said Nolan, and by virtue thereof the defendant *Brill*, as sheriff, had taken possession of said mortgaged property; that *Brill* and *Smith* had knowledge of the mortgage and had told the plaintiff that they should disregard his mortgage interest; that Nolan was insolvent and dangerously ill, and if defendants were not restrained from selling and removing such property, plaintiff would suffer irreparable injury, as he had no legal remedy against the defendants *Smith* and *Brill*. The complaint set forth the chattel mortgage, which was in the usual form, except that the clause authorizing the mortgagee to take possession of the mortgaged property if he should deem himself insecure, at any time, was erased. Prayer, that defendants be restrained from selling or removing said property. A temporary injunction was granted. On February 10th, 1875, the defendants *Brill* and *Smith* demurred to the complaint for insufficiency of facts; and on February 25th the injunctional order was vacated on notice and an affidavit of the defendant *Brill* setting up his proceedings under the attachments and execution. On the 8th of June following, the plaintiff filed in court a suggestion of the death of Nolan, and discontinued as to him, and on June 25th, at the same term, plaintiff was allowed to amend the complaint in such manner that, as amended, it contained most of the original averments, and also alleged that the defendants had converted the mortgaged property to their use, and claimed damages. The defendant appealed from the order allowing such amendment.

*Gerrit T. Thorn*, for appellant:

The amendment changes the whole nature of the cause of action, and converts the suit from one in equity to obtain an injunction, to an action at law for conversion of chattels. When the action was commenced, the respondent had no cause of action whatever: none in equity, as the matter complained of was only a trespass; and none at law, because the right of possession was *in futuro*. *Frisbee v. Langworthy*, 11 Wis., 375;

*People v. Kellogg*, 4 Coms., 173. Nolan had an interest in the property, which the sheriff could attach. 19 How. Pr., 481; 5 Cal., 119. The prayer for relief in the original complaint, was for an injunction and nothing more; but the amended complaint is for a money judgment, and substitutes an entirely new cause of action. Such practice is not allowed under the decisions of this court. *Supervisors v. Decker*, 34 Wis., 378; *Stevens v. Brooks*, 23 id., 196.

*Warner, Ryan & Allen*, for respondent:

The amendment was clearly within the letter and spirit of the code. It does not change the nature of the cause of action; it only affects the remedy. *Lackner v. Turnbull*, 7 Wis., 105; *Vincent v. King*, 13 How. Pr., 234. A demand for an injunction may be changed to a demand for damages, upon dissolving the temporary injunction. 4 Wait's Pr., 659.

RYAN, C. J. It appears by the chattel mortgage, under which the respondent claims, that the mortgagor was entitled to possession of the goods mortgaged until default, and had not made default when this suit was brought. The respondent's title to the goods was therefore then conditional, without right of possession. *Saxton v. Williams*, 15 Wis., 292; *Smith v. Coolbaugh*, 21 id., 427; *Fraker v. Reeve*, 36 id., 85. Accordingly, when the mortgaged goods were seized by the sheriff as the goods of the mortgagor, the respondent did not bring a possessory action; but proceeded, we need not inquire whether ill or well, by equitable suit to enjoin the sale or removal of the goods.

Pending the suit so instituted, default was made in the condition of the mortgage, and the respondent's possessory right became apparently complete. Thereupon, abandoning his equitable remedy, he applied to the court below for leave to amend his complaint by substituing one in an action of trover. The court below allowed the amendment, and very clearly erred in doing so.

The question whether, under the code, an equitable proceeding may be changed by amendment into an action *ex delicto*, need not be considered here. For the right of the respondent to maintain trover did not accrue until the condition of the mortgage was broken. And it would be outside of the doctrine of amendment, and a violation of all principle and precedent, to permit a plaintiff to amend his complaint by setting up a new and distinct cause of action accruing *puis darrein continuance*.

*By the Court.* — The order of the court below is reversed, and the cause remanded for further proceedings.