SMITH, Appellant, vs. DRAGERT, Respondent.

*February 27 — March 16, 1886.*

*Amendment of pleading: Statute of limitations: Terms: Discretion.*

1. In a case where the plaintiff had practically abandoned the land in question by neglecting for nearly twenty years, without satisfactory excuse, to pay any taxes thereon, and the defendant's grantor had paid the taxes during most of that time, and the defendant had purchased the land in good faith supposing that he obtained a good title, and had cleared and improved the land at a large expense, it is *held* that there was no abuse of discretion in permitting the defendant to amend his answer so as to perfect a defective plea of the statute of limitations in aid of certain tax deeds.

2. As a condition of being allowed to amend, the defendant was required to pay all the taxable costs and disbursements of the plaintiff from the time of filing the original answer, and $10 costs of motion. *Held*, that the terms so imposed were not so inadequate as to constitute an abuse of discretion. *Morgan v. Bishop*, 61 Wis. 407, distinguished.

APPEAL from the Circuit Court for *Fond du Lac* County.

This is an action of ejectment, brought by the original owner of the land claimed against one claiming under a conveyance from the grantee in certain tax deeds. The defendant in his answer attempted to set up a statute of limitations as a defense to the action. He prevailed upon this defense in the circuit court. On appeal this court reversed the judgment in his favor because the statute was defectively pleaded, and remanded the case for a new trial. 60 Wis. 139.

The defendant thereupon applied to the circuit court for leave to supply the deficiency in his answer in that behalf. The court certified that it was of the opinion "that the defendant had made an extreme case in favor of granting the leave asked for, and the same would have been granted if the court had any power to exercise any discretion in the premises." Leave was refused on the sole ground of want

of power to grant it. This court reversed the order refusing such leave, holding it to be within the sound discretion of the circuit court to grant or refuse the leave asked, and that it was error not to exercise such discretion, one way or the other, on a proper application. 61 Wis. 222.

The case having been duly remanded, the circuit court granted the application for leave to amend the answer by setting up the statute of limitations as a defense, on the terms that the defendant pay all taxable costs and disbursements incurred by the plaintiff from the time of filing the original answer, and $10 costs of motion. The plaintiff appeals from the order in that behalf.

For the appellant the cause was submitted on the brief of *Ellis, Greene & Merrill.*

*Moses Hooper,* for the respondent.

LYON, J. 1. We are of the opinion that the granting of leave to amend the answer so as to interpose the statute of limitations as a defense to the action was no abuse of the discretion of the court. It appears by the affidavits read on the hearing of the motion for such leave that the plaintiff practically abandoned his land by neglecting for nearly twenty years to pay any taxes upon it, and that during most of that time the grantor of the defendant paid such taxes. Moreover, the defendant has cleared and improved the land at a large expense. The plaintiff claims that the taxes for all those years were void for various specified reasons, and alleges this as an excuse for not paying them. The excuse is not satisfactory. Before holding that taxes on a given parcel of taxable land had been illegally levied for eighteen or twenty consecutive years, we should require much more definite and satisfactory proof of the fact than we find in this record. Indeed, we should not undertake to decide such a proposition on mere *ex parte* affidavits.

Affidavits were read on the motion showing that the de-

fendant or his grantor took forcible possession of the land, two years before this action was commenced, by ejecting plaintiff's agents and servants therefrom. It is not perceived how that fact can be of any importance on the question of discretion. The plaintiff had a summary remedy to regain possession of his land, and it is his own fault that he did not resort to it.

It satisfactorily appears that the defendant purchased the land in good faith, supposing that he had obtained a good title thereto. This is made apparent by the large sums of money he paid for the land and has since expended upon it,— over $2,000 in all. These facts are sufficient to justify the court in exercising its discretion to relieve him.

2. It is claimed that inadequate terms were imposed as a condition of allowing the amendment, and *Morgan v. Bishop*, 61 Wis. 407, is relied upon as sustaining the position. In that case the real costs imposed were only $10. True, there was a direction to pay a judgment in this court against the moving party, but that imposed no additional obligation upon him. Here the terms imposed are the payment of $10 motion costs, and all taxable costs accruing to the plaintiff after the filing of the original answer. This imposes an additional obligation upon the defendant. The distinction between the two cases is a substantial one.

It appears, by an affidavit read on the hearing of the motion, that plaintiff has expended in the cause $300 over and above taxable costs, $200 of which was so expended before the motion for leave to amend was made. The necessity for such expenditure, or what it was for, does not appear.

The general rule in ordinary cases is conceded to be that the party amending his pleading will be required to pay all taxable costs up to the time of amending, and also costs for opposing the motion. Such are, substantially, the terms here imposed. We find nothing in this record which necessarily takes the case out of the general rule, and we con-

clude that the terms imposed by the circuit court are within the range of a sound judicial discretion. The order must be affirmed.

*By the Court.*— Order affirmed.