MALLON, Appellant, vs. TONN, Respondent.

*May 3—May 23, 1916.*

*Libel and slander: Charging criminal offense: Illegal hunting of deer: Presumption as to place: Pleading: Amendment.*

1. A letter charging that plaintiff hunted deer during the closed season and demanding that he go to the county seat of a county in this state and settle therefor or he will be prosecuted, was libelous *per se* because charging a criminal offense, the presumption being that the hunting was done in this state.
2. Allegations in a complaint that at a certain place in a county in which it was unlawful at any time to hunt deer defendant

falsely stated in the presence of other persons that plaintiff had hunted and shot at deer, and said to plaintiff's hunting companion that unless he went to the county seat and paid his fine he would be prosecuted, are *held*, when liberally construed upon a demurrer *ore tenus*, to state a cause of action for slander, the presumption being that the hunting was done in that county.

3. Where a proposed amendment to a pleading will tend to bring the real controversy between the parties fairly before the court, it should always be allowed, opportunity being given to the opposing party to meet it in case of surprise.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Reversed.*

The complaint contains two counts, the first charging slander and the second libel. Upon the trial an objection to the reception of any evidence under the complaint was sustained, and the plaintiff appeals from a judgment of dismissal.

The first count alleges in substance that on December 12, 1914, at Leland, Sauk county, Wisconsin, the defendant in presence of many people who understood the German language said of the plaintiff in German (translating), *"Mallon and his partner were deer-hunting and shot at deer,"* to which one Mielke who was present replied in German (translating), "That is a falsehood. I and Walter Alwin were with *Mallon.* We were hunting rabbits and not deer;" whereupon the defendant answered in German (translating), "You go to Baraboo and pay your fine or I will make complaint against you and send the game warden after you," meaning and being understood to charge the plaintiff with illegal deer-hunting.

The second count alleges that the defendant on December 9, 1914, wrote, published, and caused to be read by several people who understood German the following letter in the German language (translating) : "Say *August Mallon,* I saw you yesterday (Tuesday) hunting deer and since I have already seen you several times doing the same thing I will give you the choice, you go to Baraboo and voluntarily settle within a week, or I will make complaint against you, this pertains

also to your partner. Show him this. Sunday ten o'clock you were also at it;" that plaintiff received said letter by mail on said date and that the same charged the plaintiff with the crime of illegal hunting and was so understood by those who read it.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

*E. F. Dithmar,* for the respondent.

WINSLOW, C. J. The objection should not have been sustained. It was a criminal offense to hunt deer in any part of the state at any time except during the last twenty days of November, and in the county of Sauk (among others) even this period was not excepted and there was no open season. Sec. 4562*d,* Stats. 1913.

It is clear that the second count sets forth a perfectly good cause of action. The libelous letter therein contained charges that the plaintiff hunted deer in December and demands that he go to Baraboo and settle or he will be prosecuted. It was unlawful to hunt deer at any place in the state at that time and the presumption would certainly be that the hunting was done in the state; but furthermore, the warning that settlement must be made at Baraboo (the county seat of Sauk county) makes it perfectly clear to any person that the charge was that the hunting was done in Sauk county. As this was a direct charge of the commission of a criminal offense it was *per se* libelous. No authorities are needed to substantiate this familiar principle.

As to the first count the question is not so clear, but we think a liberal construction of the complaint, which should always be indulged in in case of a demurrer *ore tenus,* leads to the same result. Here was also a threat that unless the plaintiff's hunting companion went to Baraboo and paid his fine he would be prosecuted, and the presumption that hunting was done in Sauk county necessarily follows. If there

were doubt about this, however, the court should have granted the motion of the plaintiff, which was at once made, for leave to amend the complaint by alleging that the words were intended by the plaintiff and understood by the hearers to charge that the hunting was done in Sauk county. Inasmuch as the answer admits the speaking of the words alleged and admits that defendant thereby intended to charge illegal deer-hunting in Sauk county, no surprise could be claimed at such an amendment. The time has gone by when amendments on the trial are to be viewed with suspicion and granted grudgingly. If it appears that the proposed amendment tends to bring the real controversy between the parties fairly before the court, the amendment should always be allowed, opportunity being given to the opposing party to meet it in case of surprise.

*By the Court.*—Judgment reversed, and action remanded for a new trial.