Turner Manufacturing Company, Appellant, vs. Gmeinder, Respondent.

*April 11—May 6, 1924.*

*Contracts: Rescission in part: Trial: Amendment of pleading after verdict: Discretion of court.*

1. One seeking to rescind a contract for fraud must rescind the whole contract. p. 667.
2. In an action on a note given for the purchase of ten shares of preferred stock, where defendant alleged fraud in obtaining the subscription to the stock and prayed for a return of the note, and after a verdict in favor of the defendant on the question of fraud the court directed judgment for plaintiff because defendant had also purchased ten shares of common stock in the same transaction and had not offered to return them, an amendment setting up fraud as to the common stock and offering to return it was not foreign to the subject matter of the action or such a change of defense as to require the court as a matter of law to deny the application to amend, under sec. 2830, Stats. p. 669.
3. The fact that a verdict had been rendered would not prevent the exercise of judicial discretion on the application for amendment. p. 669.
4. The power as to allowing amendments to pleadings is very broad, resting in the sound discretion of the court, and its decision will not be disturbed except for a clear abuse. p. 669.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Eric Wm. Passmore,* of counsel, all of Milwaukee, and oral argument by *Mr. Passmore.*

*R. F. Duckert* of Madison, for the respondent.

JONES, J. This is an appeal from an order granting an amendment to the answer and a new trial.

The action was brought on a promissory note given by the defendant to the plaintiff for the purchase of ten shares of preferred stock. The defendant answered alleging fraud in obtaining the subscription to the stock and prayed that the complaint be dismissed and that the note be returned.

In a special verdict the jury found for the defendant as to the false representations; that they were relied on, and that the defendant rescinded his subscription within a reasonable time after discovering the facts.

On the trial it appeared that the subscription was for ten shares of common stock for which the defendant paid $250 in cash, and ten shares of preferred stock for which the note was executed. None of the stock ever came into possession of the defendant, but by the terms of the note was left with the plaintiff as collateral security for the note.

Both parties made application for judgment on the verdict, and the court held that the testimony established that the subscription to both kinds of stock was part of a single contract and not under severable contracts, and that the defendant could not have the relief demanded because he had not returned or offered to return the common stock, and ordered judgment for plaintiff.

Thereupon defendant's counsel obtained an order to show cause why the defendant should not be allowed to amend his answer and include the facts relating to the common stock, and an offer to return it, or be granted a new trial.

On this motion defendant made affidavit that in his conferences with his counsel nothing was said about the common stock, as defendant believed it was a separate transaction and did not relate to the suit; that he was willing to return the common stock; that it was worthless; that he had not believed he could return the stock he had never received and over which he had never had any control; that the plaintiff was insolvent and he had supposed that it was useless to make any claim against plaintiff for the return of the stock; and that he had always been willing to return it.

There was also an affidavit of defendant's counsel that up to the time of the trial and until defendant testified he had no knowledge that common stock had been purchased; "that by reason of the conduct of the trial taking up the attention of counsel, the full import of the evidence as given by the testimony of the defendant in regard to the purchase of the common stock escaped the attention of counsel, and did not at that time make a motion to amend the pleadings and offer to return said common stock at that time."

Other portions of the affidavit repeated some of the statements made in the affidavit of defendant. There was filed a proposed amended answer setting up fraud as in the original answer and containing allegations as to the common stock and stating that defendant was willing to return the same as far as was within his power.

There was also filed an affidavit on behalf of plaintiff setting up the history of the litigation and the facts occurring at the trial for the purpose of showing that the motion of the defendant was too long delayed. It also contained a statement of the expenses incurred relating to the trial.

On the affidavits the court made the order appealed from setting aside the verdict as in furtherance of justice, on condition that within ten days the defendant pay $35 costs and $50 counsel fees, and that the amended answer be allowed to stand, and that a new trial be granted.

Turner Mfg. Co. v. Gmeinder, 183 Wis. 664.

We agree with the view expressed by the trial judge that one who seeks to rescind a contract on the ground of fraud must rescind the whole contract. He must rescind *in toto* or not at all. Although there are some exceptions to the rule which need not be discussed, the general doctrine is so well established that it is unnecessary to cite authorities which declare it.

A more serious question, as applied to the facts of this case, relates to the proposition urged by plaintiff's counsel that "a pleading cannot be amended after verdict to allege facts not in existence at the time of the verdict."

Counsel rely on the rule stated in 31 Cyc. 392, that, "as a general rule, an amendment cannot allege facts that have arisen since the commencement of the action so as to set up a cause of action, where none before existed, or so as to set up a new cause of action which has accrued since the action was begun, or additional grounds of action."

They also rely on *Shinners v. Brill,* 38 Wis. 648, and *Pape v. Carlton,* 130 Wis. 123, 109 N. W. 968. In both of these cases the plaintiff sought to amend by stating a cause of action which had arisen after the action was brought.

In this case the trial court based the order allowing the amendment on sec. 2830, Stats., which is in part as follows:

"The court may, upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

In his opinion the trial judge referred to *Kennedy v. Waugh,* 23 Wis. 468, where it was held that the order to amend may be made after judgment even though the necessity for the amendment was known at the trial.

The facts in this case are so different from those in the cases relied on by plaintiff's counsel that it is not clear that these cases are applicable.

The court instructed the jury that the answer was tantamount to a rescission, but when plaintiff objected that this instruction was not limited to being tantamount to a rescission of the subscription, which included both the common and preferred stock, the court held as above stated and directed judgment for plaintiff.

Both the court and the plaintiff's counsel assumed that there could be rescission in part by such an answer. It is what is called a "rescission by plea," and, as said by a learned author, may be a rescission of the contract and not merely a defense to the action.

"If still it be insisted that after suit it is too late for rescission, since *ex concessis* there was a binding contract when the plaintiff sued, so that the plaintiff had a cause of action unless the fraud is treated as an ordinary defense,— the answer is that it is the plaintiff's own fault that a rescission after suit may defeat him. He has brought the defendant into court against the defendant's will, knowing necessarily the answer that will be made to his demand; and the defendant may not have been under any duty before to rescind. Hence it could not be said that the defendant had necessarily misled him in not rescinding, and so induced the plaintiff to believe that the right to rescind had been waived and to change his position by bringing suit; though it would probably be true that if the defendant *had* so conducted himself, he would be barred not merely of his right to rescind, but what that involves, of his right to plead the fraud." 1 Bigelow, Fraud, 80.

It is the claim of plaintiff that there was only a partial rescission because the answer made no mention of the common stock or any claim respecting it. That is, the answer was defective in failing to contain averments amounting to a complete rescission of the contract. The original answer might have included such averments and they would have

been governed by the same rules as the allegations concerning the preferred stock.

The plaintiff knew all the facts and clearly was not surprised by any facts stated in the proposed amendment. The stock was in its possession and over it defendant had no control. An offer to return or allegations in a pleading under such circumstances would have had no object or result except as an attempted compliance with the rule which applies in ordinary cases.

Any defense the defendant may have had grew out of the fraud alleged to have been perpetrated in the sale of both classes of stock. The amendment was not foreign to the subject matter of the action, and under all the circumstances we do not think that it set up an entirely new defense arising after the action was brought, as claimed by plaintiff's counsel. Nor do we consider that the amendment was such a change of the claim of defense as to require the court, as a matter of law, to deny the application. In other words, the court was called upon to exercise a discretion in granting or denying the motion. Since by the terms of the statute amendments may be made "before or after judgment in furtherance of justice," the fact that a verdict had been rendered did not prevent the exercise of judicial discretion.

It is well settled that when a trial court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power. It is unnecessary to quote from or discuss the numerous decisions which illustrate the approval by this court of orders allowing amendments in cases where the trial court deemed them proper in the furtherance of justice. The following are some of the cases of that character: *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292; *Mallon v. Tonn,* 163 Wis. 366, 157 N. W. 1098; *Palmer v. Schultz,* 138 Wis.

455, 120 N. W. 348; *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032; *Smith v. Dragert,* 65 Wis. 507, 27 N. W. 317; *Brown v. Bosworth,* 62 Wis. 542, 22 N. W. 521; *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571.

In one of these cases it was said: "Possibly, in view of the consequences which might result from a refusal to amend, a greater liberality should be exercised in allowing amendments to answers than to complaints." *Brown v. Bosworth, supra; Palmer v. Schultz, supra.*

It would serve no useful purpose to discuss the circumstances which led the trial court to allow the amendment in this case. In view of the facts stated in defendant's affidavit and the conceded facts, it can hardly be said that he was chargeable with negligence in failing to state all the facts known by him to his counsel.

It is argued by plaintiff's counsel that counsel for defendant ought to have comprehended the real situation earlier in the trial, and there is undoubtedly some force in this claim. But it occasionally happens that in the heat of jury trials the mental processes of very experienced lawyers do not run true to form, and it sometimes becomes the duty of the court to see that clients shall not suffer too severe a penalty for the excusable mistakes of their attorneys.

In this case the excuse for the mistake or inadvertence of defendant's counsel is quite similar to the mistake which was relieved by the allowance of an amendment of an answer in *Kennedy v. Waugh,* 23 Wis. 468, decided more than fifty years ago. Since that time the statute has received a more liberal rather than a more strict construction with respect to amendments to pleadings.

As already indicated, the fact that the amendment was not proposed until after verdict does not compel us to interfere with the exercise of the discretion of the trial court. That is a subject to be provided for in the order fixing terms for the amendment. We conclude that there was not an abuse of discretion.

*By the Court.*—The order of the circuit court is affirmed.