# CASES DETERMINED

## *January Term, 1882.*

---

PHŒNIX MUTUAL LIFE INSURANCE COMPANY VS. WALRATH.

*September 30, 1881 — January 10, 1882.*

| 53 | 669 |
|----|-----|
| 83 | 358 |
| 53 | 669 |
| 94 | 108 |
| 53 | 669 |
| 101 | 466 |
| 53 | 669 |
| 106 | 503 |

PLEADING AND EVIDENCE: AMENDMENT OF ANSWER: COUNTERCLAIM. (1, 2) *Action for conversion: defendant's pleading and proof.* (3) *When offer of evidence construed liberally.* (4) *Amendment of answer at trial: Discretion of court: Reversal for non-exercise of discretion.* (5) *Counterclaim against non-resident plaintiff: Amendment of answer to set up counterclaim.*

1. In an action for the conversion of personal property, the defendant, *under a general denial*, may put in evidence any facts which disprove either plaintiff's title or a conversion by himself.
2. Thus, in this action for the conversion of moneys collected by defendant as plaintiff's agent, defendant was entitled, under a general denial, to show the contract of agency existing at the time of such collection and alleged conversion, for the purpose of showing his right to retain the money.
3. Where competent evidence offered in defense was rejected on the ground, not that it failed to make out a complete defense, but that it was incompetent, this court, on appeal, construes the offer liberally.
4. The circuit court may, in its discretion, permit an amendment of the answer on the trial, setting up a defense not already set up; and where such an amendment has been refused, not in the exercise of discretion, but on the ground of a want of power in the court to allow it, that may be ground of reversal.
5. Under subd. 3, sec. 2656, R. S., where the plaintiff is a nonresident, the defendant may set up, *as a counterclaim, any* cause of action he may have against such nonresident; and where the action was in *tort*, for a conversion of moneys collected by defendant as plaintiff's agent: *Held,* that it would not be an abuse of discretion, under the circumstances of the case, for the trial court to permit an amendment of the answer setting up a counterclaim for plaintiff's breach of the *contract* of agency.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is stated in the opinion. The circuit court directed the jury to return a verdict for the plaintiff for the sum of $9,172.22; and from a judgment on such verdict the defendant appealed.

For the appellant there were briefs by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Jenkins*:

1. The appellant should have been permitted to show, under the general denial, that he was authorized by the respondent to retain the moneys in question for certain demands growing out of his agency. Such evidence would have been admissible in the former action of trover, under the plea of the general issue. 1 Chitty's Pl., 490, 499; Stephen on Pl., 2 Appendix, CXXXVI, note (14); 1 Tidd's Pr., (651); Hilliard on Remedies for Tort, 236. Under the code, a general denial puts in issue every material fact alleged in the complaint, including what is impliedly averred. In an action for the conversion of money or property, the gist of the action is the title to the property and its *unlawful* conversion by the defendant. Whatever, therefore, tends to prove want of title, or that there was no *unlawful* conversion, may be proven under a general denial. *Robinson v. Frost*, 14 Barb., 536; *Davis v. Hoppock*, 6 Duer, 254; *Edgerly v. Bush*, 16 Hun, 80; *Timp v. Dockham*, 32 Wis., 146; *Delaney v. Canning*, 52 Wis., 266.

2. It was error to refuse leave to amend. The proposed amendment was refused upon the ground that the court had no authority to permit such a change of pleading upon the trial. But such amendments are undoubtedly sanctioned by the code. R. S., sec. 2830; *Dows v. Green*, 3 How. Pr., 377; *Brayton v. Jones*, 5 Wis., 117 and Note 2, Appendix, 627; *Carmichael v. Argard*, 52 id., 607. There is no question of discretion here. No objection that the pleading was vague or indefinite was made in the court below. Such defects, if they exist, were therefore waived. It would be novel practice to permit one to object to an amendment below for want of authority in the court to allow it, and to sustain the ruling here upon a

suggestion not raised below, and affecting only a discretion neither invoked nor exercised. *Grace v. Newbre*, 31 Wis., 19.

For the respondent there was a brief by *Finches, Lynde & Miller*, and oral argument by *H. M. Finch*. They contended, among other things, that the circuit court was right in its decision of the law as to the issue and what could be proved under it. Moak's Van Santv. Pl., 552–3; *Manville v. Gay*, 1 Wis., 250; *Spear v. Dey*, 5 id., 197, Dixon's note; *Nelson v. Wellington*, 5 Bosw., 190; *Beers v. Waterbury*, 8 id., 413. The proposed amended answer was not an amendment, but the substitution of a new, separate and distinct defense and counterclaim; and the offer was properly refused. *Fagen v. Davison*, 2 Duer, 153; *Hunt v. H. R. Ins. Co.*, id., 481; *N. Y. M. I. Works v. Smith*, 4 id., 362; *Grosvenor v. A. F. Ins. Co.*, 1 Bosw., 469; *Johnson v. Filkington*, 39 Wis., 67; *Sweet v. Mitchell*, 15 id., 664; *Larkin v. Noonan*, 19 id., 89; *Stowell v. Eldred*, 39 id., 630. Nor was such answer a proper defense to the action. An independent contract is not a defense to a tort. *Scheunert v. Kaehler*, 23 Wis., 525; *Noonan v. Orton*, 30 id., 359; *Ring v. Ogden*, 45 id., 303. But for the statute (R. S., sec. 2656, subd. 3), no alleged breach of contract could be pleaded as a counterclaim to the action. The answer was offered as a defense and as a counterclaim. Being clearly void as a defense, and being offered as an entirety, the court must admit or reject it as an entirety. And as it could not admit so much of the answer as set up an independent breach of contract, it must, *ex necessitate*, refuse the answer as offered. *Worthington v. Mason*, 101 U. S., 149. Nor does the answer state with sufficient accuracy the facts to show either defense or counterclaim, and the offer was, for this reason, properly refused. *Shipman v. The State*, 43 Wis., 386; *State v. Homey*, 44 id., 620.

The following opinion was filed October 18, 1881:

TAYLOR, J. This is an action brought by the respondent against the appellant to recover moneys alleged to have been

collected by the appellant as the agent of the respondent, and which, it is also alleged, the appellant had unlawfully converted to his own use. The complaint charges that the moneys were collected and converted in 1880. The answer is a general denial. The pleadings were not verified by either party. On the trial, the respondent, to sustain his complaint, offered in evidence a contract made between the respondent and appellant, bearing date November 15, 1865, which contract, by its terms, terminated in three years after the date thereof. This evidence was objected to by the appellant, but was received against such objection. Respondent also offered a bond given by the appellant, with sureties, bearing date November 7, 1865, conditioned for the faithful performance of the appellant's duty as the agent of the respondent. This was also objected to by the appellant, but was admitted against such objection. The only other evidence offered on the part of the respondent, was the evidence of the appellant that he had collected premiums for the respondent in 1880, and had not paid them over, giving the amounts collected and remaining in his hands; also, some evidence showing that the appellant had used some of the premiums so collected for his own purposes, and that the respondent had demanded payment of the moneys in his hands previous to the commencement of the action. The respondent also showed, by the testimony of the appellant, that the reason he refused to pay over the money was because of a claim he made against the company, that, when the company removed him from the agency, he was entitled to receive from it what the agency was worth; that before he was removed the company had denied his right to any compensation in case of his removal; and that he had retained the money, under advice of counsel, in order to force a settlement between himself and the company as to his claim for compensation upon a change of the agency.

Upon the part of the appellant it was shown — although it appears from the record that upon the objection of the respondent the court held it inadmissible — that the contract of

1865 was not in force between the parties after it expired by its terms. The appellant then, as tending to prove the contract which did exist between the parties after the expiration of the contract of 1865, offered in evidence a letter written by the vice-president of the company to the appellant in 1866. This letter was objected to, and ruled out by the court. It is possible that this ruling was correct, considering the character of the letter and when it was written. In rejecting this evidence, the learned circuit judge, in giving his reasons for rejecting it, stated his views as to what evidence could be given under the general denial by the appellant. The learned judge said: "The general denial puts in issue only the material facts charged: the receipt of the money, the question of the ownership of the money, and the conversion. The law says the receipt of the money of another, and a demand by him for that money, and a refusal to pay it over, is *prima facie* evidence of conversion. The defendant, in my judgment, in this action may show — either, *first*, that he never received the commissions or premiums; or, *secondly*, *that he has paid them all up. That is all he can show. He cannot show or set up, in my judgment, any outstanding damages on a contract, or any outstanding contract or arrangement by which money was paid in any other way*, because that is not germane to the present action of tort to recover the amount of money which he refused to pay over, admitted to have been collected by him as premiums; and that is all there is of this case, in my judgment."

Upon the defense, the appellant offered to show that, after the expiration of the contract of 1865 he made a new contract with the company, different from the contract of 1865, and also to show what such contract was. This was objected to by the counsel for the respondent, and excluded by the judge, holding, as above stated by him, that under the general denial he could show nothing in bar of the plaintiff's claim, except the fact that he had paid the money to the company. We

think this was clearly an erroneous view of the case. The respondent charges that the appellant, as its agent, had collected moneys due to it and had unlawfully converted them to his own use; and to prove the agency and the conversion the respondent offered in evidence a contract made in 1865, and the subsequent collection of money as agent of the respondent in 1880, long after the contract of 1865 had expired by its terms, and after it had in fact terminated, as the proof shows, and a refusal to pay over the money so collected, and also evidence showing that the agent had used a portion of the moneys collected for his own purposes.

.As the evidence stood when the appellant offered to show what the existing contract of agency was between the company and the appellant, there was no evidence in the case showing the nature or character of the contract between the parties. The contract of 1865 was shown to have terminated long before the moneys sought to be recovered had been collected by the appellant. The case stood simply on the fact that the appellant was agent at the time the money was collected; that he had collected it as the agent of the company, and refused to pay over on demand; and that some of the money has been converted to his use. It is probable, as stated by the learned circuit judge, that this evidence made a *prima facie* case for the plaintiff, and, unexplained, would have justified a verdict in its favor. It seems to us very clear that, in this state of the proofs, it was competent for the appellant to show what the character and nature of his agency was, and what his rights were under his contract with the company. The respondent charges him with the unlawful conversion of its money. How can this court, or the circuit court, know that there has been an unlawful conversion of the money collected by the appellant for the respondent, under the terms of the contract between the parties, until the contract is brought before the court by the evidence? The appellant having offered to show that there was a specific contract between the parties,

fixing the rights of both parties, that contract would be the best evidence of the appellant's rights, when proved. Such contract would determine whether the refusal to pay over the money in his hands, at the time the same was demanded of him, was a conversion thereof, and whether by the terms of the contract of agency he had the right to use the money collected as his own. The plaintiff having failed to show what the contract between the parties was, it is clear the defendant was entitled to bring it before the court under the general denial. He alleges that the contract would show that there had been no conversion of the money on his part; and he had the right to have its terms before the court for its adjudication upon that question.

It seems to be well settled that, in an action for the wrongful conversion of personal property, under the general denial the defendant is entitled to give in evidence any facts which disprove the plaintiff's title to the property in controversy, and also any facts which disprove a conversion by the defendant. *Timp v. Dockham*, 32 Wis., 146; *Delaney v. Canning*, 52 id., 266; *Edgerly v. Bush*, 16 Hun, 80; *Robinson v. Frost*, 14 Barb., 536; *Rost v. Harris*, 12 Abb. Pr., 446; *Stoddard v. Onondaga Annual Conference*, 12 Barb., 573; *Jones v. S. & F. Railroad Co.*, 42 Wis., 306–10.

The circuit court should have permitted the appellant to prove the contract between him and the respondent. Such contract was clearly material, and, if proved, it might have shown that there had been no conversion of the money collected by the defendant, which was the material question in the case. The fact that the plaintiff had made out a *prima facie* case of conversion, without showing the particulars of the contract between the parties, was no reason for excluding the proof of such contract.

It is urged by the learned counsel for the respondent, that, admitting that the ruling of the circuit judge was erroneous in rejecting the evidence of the existing contract, still the judg-

ment should not be reversed for that cause, because the subsequent offer of proof, which claimed to set out the contract, would not, if proved, have shown any defense. The evidence was not excluded by the court below for that reason; and, because that question was not considered by the circuit court, we are not inclined to hold the defendant to the strictest rules of construction in order to determine that no defense was set out in his offer of proofs. The offer, construed liberally and proved substantially, would have been a defense, if not to the whole, to some part of the plaintiff's claim.

After the defendant's offers of evidence were excluded under the pleadings, upon affidavit of the counsel for the appellant that he verily believed the evidence offered would and should have been received under the general denial, and that he was surprised at the rulings of the learned circuit judge upon the trial, the appellant asked leave to amend his answer so as to state the facts upon which he relied in a separate answer as a defense, and at the same time asked leave to plead the same facts as a foundation for a counterclaim against the respondent. The learned circuit judge refused to permit the matters to be pleaded as a defense or counterclaim, on the ground, as he alleges, that he had no power to permit such amendment. Of the power of the circuit court to permit an amendment on the trial setting up a defense to the action which was not already set up by his answer, there can be no doubt. This court has so held in a great many cases. See *Brayton v. Jones*, 5 Wis., 117, and note of Chief Justice Dixon on the subject, id., 627 and 628, where all the cases are cited; *Carmichael v. Argard*, 52 Wis., 607. Whether, in a given case, the circuit court ought to grant the application in the exercise of its undoubted power, is generally a matter of discretion; and when the application is decided in the exercise of that discretion, this court will not set aside the order of the circuit court unless there is a gross abuse of such discretion, or a violation of some well-settled rule of law, or the court

has proceeded upon a mistaken view of the law. See *Beveridge v. Welch,* 7 Wis., 465, 475; *Jones v. Evans,* 28 Wis., 168–170. The court did not refuse to permit the defendant to amend his answer in this case, either as to the defensive matter offered to be pleaded or as to the matter offered as a counter-claim, in the exercise of the legal discretion with which it is invested, but upon the ground of an entire want of power to grant the amendment. The circuit judge proceeded in his determination of the application for an amendment upon a mistaken view of the law, and denied the same on the ground of want of power to grant such an application at that stage of the trial, and not upon any exercise of his judicial discretion. The circuit judge having declined to act upon his discretion in refusing the amendment asked, we are not called upon to review an order which is within the discretion of the circuit judge, but to determine whether the application might have been properly granted in the exercise of such discretion. As to the offer to plead the matters stated as a defense, we think there was no necessity for so doing in order to protect the rights of the defendant. As we have stated above, all the matters offered in this defensive plea were admissible under the general denial. They all relate to the contract between the parties fixing and defining the terms of the agency, and were clearly competent evidence as tending to disprove the wrongful conversion of the money as alleged in the complaint; and the ruling of the court upon this amendment did not, therefore, prejudice the defendant. The error was in excluding the evidence under the general denial.

Should the defendant have been permitted to plead these matters as a counterclaim, so as to enable him to recover his alleged damages for the breach of the alleged contract by the company? This matter, we think, was also a matter of discretion on the part of the court. The legislature, by the enactment of subdivision 3, sec. 2656, R. S., has conferred upon the defendant, in an action where a non-resident is plaintiff, the

right to set up, by way of counterclaim, any cause of action he may have against such non-resident, without regard to the nature of the plaintiff's cause of action.    The object of this legislation is to compel non-residents, who bring actions in the courts of this state against its citizens, to submit to the adjudication of the same courts any claims which they may have against such non-residents.    In many cases the policy is just in its operation.    The case at bar is, we think, one in which it would be eminently just that such counterclaim should be litigated in this action.    The non-resident company, having no property in this state, brings an action against one of its citizens, charging a tort.    Ordinarily, a claim for damages for breach of contract, or for money due on contract, would neither be the subject of a defense or a counterclaim to such action; and although the defendant might hold the plaintiff's notes for a larger amount than was claimed by the plaintiff, it would be no defense, nor could he in any way avail himself of that fact to defeat the plaintiff's claim.    He must submit to a judgment against him for the technical tort, if he has been guilty of one, and go to another state to seek his remedy upon his contract or notes.

In this case the defendant claims that he has a contract with the plaintiff, under which he received the very money claimed by the plaintiff in this action, which the plaintiff has violated, and that by reason of such violation he has suffered damage to an amount equal to the amount of all the money in his hands belonging to the plaintiff and which he has failed to pay over.    We see no injustice in allowing the court to determine in an action all the adverse claims of the parties growing out of the contract.    If it were certain that the alleged contract between the parties, if proven, would be a full defense to the plaintiff's action, no great injury would accrue to the defendant by refusing to allow him to set up his counterclaim; but it is evident that the defendant may have a good cause of action upon his alleged contract with the plaintiff, and still

such contract fail to be a defense to the plaintiff's action. He may fail to prove that under his contract he is entitled to retain the moneys collected to satisfy any and all damages he has sustained by the breach thereof by the plaintiff, and still be able to establish that part of it which alleges that in case he was removed from his agency the company was bound to pay him what the agency was worth, which he alleges is a sum equal to if not exceeding the utmost claim of the plaintiff against him. In view of the fact that the plaintiff's claim is large, and that the refusal to permit the defendant to set up his counterclaim would compel him to seek his remedy for the breach of his contract in another state and jurisdiction at great expense, it would seem but just that the defendant, availing himself of his right under the statute above cited, should be allowed to have his damages, if he be entitled to any, set off against it in satisfaction in whole or in part thereof. Under the circumstances, as disclosed by the record in this case, we are clear that it would not be an abuse of discretion on the part of the circuit court, to permit the defendant, upon such terms as to costs as would seem just, to amend his answer by setting up his counterclaim. *Gregory v. Hart*, 7 Wis., 532; *Vilas v. Mason*, 25 Wis., 310.

We have not thought it necessary to consider at length the criticisms made by the learned counsel for the respondent upon the sufficiency of the answer as a counterclaim. The objections are mainly directed to matters of form rather than substance. There may be some things in the proposed counterclaim which are somewhat indefinite and uncertain, but we think that it sets out facts sufficient to constitute a cause of action. Any other defects in the pleading may be corrected by a proper motion after it is allowed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied January 10, 1882.