BROWN vs. BOSWORTH and another.

*February 11 — March 3, 1885.*

*Amendment of answer: Discretion: Appeal.*

The trial court may in its discretion permit any amendment of the answer, provided the facts introduced constitute a defense, although they may be inconsistent with the grounds of defense first stated, or depart from them, or bring in a new and distinct defense; and upon appeal the order of that court will not be disturbed unless there has been a gross abuse of such discretion, or a violation of some well settled rule of law, or the court has proceeded upon a mistaken view of the law.

APPEAL from the Circuit Court for *Marathon* County.

The cause was before this court on a former appeal, and is reported in 58 Wis. 379. When the cause was again brought to trial, after the reversal of the judgment in favor of the plaintiff, the defendants applied for leave to amend their answer, which was granted, and from the order entered in that behalf the plaintiff appealed. Other facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Raymond & Haseltine*, and for the respondent on that of *G. W. Cate.*

To the point that it was error to allow one defense to be substituted for another at the trial, counsel for the appellant cited *Sweet v. Mitchell*, 15 Wis. 641–664; *Newton v. Allis*, 12 id. 378; *Larkin v. Noonan*, 19 id. 82; *Stevens v. Brooks*, 23 id. 196; *Ballston Spa Bank v. Marine Bank*, 16 id. 120; *Shernecker v. Thein*, 11 id. 556.

COLE, C. J. It is very clear that the defense in the amended or substituted answer is placed on a different ground from the one relied on in the original answer. In the original answer the trespass was admitted, but the defendants alleged that their servants had entered upon the plaintiff's land by mistake, and had cut and removed the pine timber therefrom. One of the defendants made an affidavit to that effect, and in the answer an offer of judgment for $992.79 was made, in compliance with sec. 4269, R. S. On the trial in the court below and in this court, the defendants claimed if a person, while cutting timber on his own land, carelessly and negligently cut across the line on the adjoining land, that such cutting should properly be held to be done by " mistake," within the meaning of that section. But this court held otherwise, as will be seen on reference to the decision in 58 Wis. 379. Now, in the amended or substituted answer it is in substance alleged that

the timber was cut upon the plaintiff's land by the Mitchells while engaged in cutting timber from the defendants' adjoining lands under a written contract made with the defendants; and that the defendants neither had nor exercised any control over the work performed by the Mitchells, but that the Mitchells had and took the entire management of the business under their contract. So the defendants' defense is, under this answer, that they are not responsible for the trespass committed by the Mitchells, because the latter were independent contractors.

The sufficiency of this defense is not a matter now before us. The question is, Did the circuit court improperly permit the amended or substituted answer to be filed, under the circumstances? Due notice was given that the defendants would apply on the trial for leave to file the proposed answer. On the hearing of the application, which was resisted by the plaintiff, leave was granted on the terms imposed. But it is now insisted by the learned counsel for the plaintiff that allowing the amended or substituted answer to be filed when it was, was not within the discretionary power of the court, and was error. It is admitted that sec. 2830, R. S., in regard to amendments, has been and must be liberally construed in "furtherance of justice;" but it is said it cannot be so construed as to authorize a substitution of one defense for another, especially where the substitute is inconsistent with the original pleading. It is said the power conferred is to *amend*, not to change or substitute one defense for another.

The question as to the power of the trial court to allow amendments to pleadings has arisen in a variety of cases and been considered. Amendments have been permitted at one stage of the cause which were properly denied at another. Much necessarily depends upon the character of the pleading to be amended, the nature of the amendment, and when objection to its being made is first taken. Possibly,

in view of the consequences which might result from a refusal to amend, a greater liberality should be exercised in allowing amendments to answers than to complaints.   Be this as it may, so far as answers are concerned, this court has referred with approval to the rule stated by the late Chief Justice Dixon in his note to *Brayton v. Jones*, 5 Wis. 117, 628, that any amendment of the answer was permissible, provided the facts introduced constitute a defense; and this, though they may be inconsistent with the grounds of defense first stated, or depart from them, or bring in a new and distinct defense.   For any defense to an action, whether originally pleaded, or subsequently brought in by amendment, is pertinent to the cause of action stated.   The plaintiff may amend in any particular pertinent to the cause of action, and which does not change it, and the defendant may do the same thing, although amendment by him may involve departure from or inconsistency with former defenses, or introduce those which are new and different.   But, as observed by Mr. Justice Taylor in *Phœnix Mut. L. Ins. Co. v. Walrath*, 53 Wis. 676, whether, in a given case, the circuit court ought to grant the application in the exercise of its undoubted power, is generally a matter of discretion; and where the application is decided in the exercise of that discretion, this court will not set aside the order of the circuit court unless there is gross abuse of such discretion, or a violation of some well-settled rule of law, or the court has proceeded upon a mistaken view of the law.

Within the rule thus stated it is impossible for us to reverse the order allowing the amended or substituted answer to be filed.   It is true, allowing the amendment practically enables the defendants to withdraw admissions in respect to committing the trespass which they had made in the first answer.   But this could not operate as a surprise upon the plaintiff, because she had ample notice of the application to amend.   Besides, the amendment was granted on the pay-

Gibbons vs. The Wisconsin Valley R. R. Co.

ment of her costs of the term and $50 attorney's fees. It is not claimed that more onerous terms should have been imposed.

We do not consider it necessary to notice in detail all the cases which are cited on the brief of appellant's counsel. We may, however, observe, in respect to *Shernecker v. Thein*, 11 Wis. 558, and *Ballston Spa Bank v. Marine Bank*, 16 Wis. 120, that the applications to amend were made during the trial and refused. In each of these cases the court exercised its discretion, and this court was unable to say that there had been any abuse of such discretion.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— It is so ordered.