CONTINENTAL INSURANCE COMPANY, Respondent, vs. PHILLIPS, Appellánt.

*October 25 — November 15, 1892.*

*Insurance against fire: Payment induced by fraud: Amendment of pleading.*

In an action by an insurance company to recover money paid upon a policy under a misapprehension of facts caused by defendant's false statements as to his loss, amendments in a verified amended complaint, alleging that such statements were made with intent to defraud, and further alleging, as a separate cause of action, that defendant had made other false and fraudulent representations to the effect that the loss did not occur through any act, design, or procurement on his part, when in fact he had, with intent to defraud the plaintiff, set the fire which caused the loss, and that the payment had been made without knowledge of the facts, are *held* to be material and to have been properly allowed, although there was no affidavit stating why such separate cause of action had not been set up in the original complaint, and no affidavit of merits.

APPEAL from the Circuit Court for *Waukesha* County. Action to recover the sum of $924 paid by plaintiff to

defendant upon a policy of insurance against fire. The facts
are sufficiently stated in the opinion.

For the appellant there was a brief by *Winkler, Fland-
ers, Smith, Bottum & Vilas*, and oral argument by *W. K.
Gibson.*

For the respondent there was a brief by *W. A. Pierce*,
and oral argument by *Mr. Pierce* and *Mr. T. E. Ryan.*

ORTON, J. This is an appeal from an order allowing the
plaintiff to amend its complaint on terms, and allowing
the verified amended complaint then on file to stand as the
complaint in the action.

The original complaint charged " that during the contin-
uance of said policy, namely, on the 30th day of November,
1887, certain property belonging to the defendant, and
covered by insurance under said policy, was alleged in a
certain statement made by said defendant to plaintiff to
have been destroyed by fire, as hereinafter referred to and
set out. That said defendant, in making his statement of
the proofs of loss which he had sustained in consequence
of said fire as aforesaid, made false representations as to
the amount of property he had lost, by stating a greater
number of bushels of grain than he had lost, and by plac-
ing a greater value on the machinery and other property
destroyed than the value of such machinery and other
property actually was. That in consequence of such false
representations, and relying on defendant's said statement
of the amount of loss he had sustained, said plaintiff paid
to said defendant the amount of $924, as payment for the
amount of loss which said defendant claimed to have sus-
tained as aforesaid, in the proofs of loss then made by de-
fendant, a true copy of which is hereto attached and marked
' Ex. B,' and made a part of this complaint; and that the
amount paid by plaintiff to defendant for his alleged loss
was $924, which was paid to him on the 30th day of March,

1888.  That said amount of $924 was not due to defendant, and was paid to him by plaintiff under mistake and misapprehension of facts in consequence of his false representations made as aforesaid, and that said amount is now due from defendant to plaintiff, together with interest," etc.

The amendments, in substance, consisted in charging the representations to have been fraudulent, and in adding other qualifying words, and in charging the defendant with having stated a greater number of articles of machinery than was actually destroyed by such fire, and that said false and fraudulent representations were made with intent to deceive and defraud said plaintiff company, and to obtain from it money not actually due, and that the plaintiff paid said money not then knowing the representations to be false. It is then stated in the amended complaint, as a further and separate cause of action, that the defendant made further false and fraudulent representations in his proofs of loss, as follows:  That said loss did not originate by any act, design, or procurement on the part of the assured, nor on the part of any one having any interest whatsoever, either direct or indirect, in the said property or in the policy of insurance, nor in consequence of any fraud or evil practice done or suffered by the assured; and that in truth and fact the defendant did by his own act, design, and procurement set and cause to be ignited said fire, which destroyed said property, with intent to defraud said plaintiff company by obtaining from it the amount of money for which said property so destroyed was insured.  It is then added that the said money was paid without knowledge of the fact that the defendant set said fire himself, and under misapprehension of fact in consequence of the defendant's false representations as to the value and amount of property burned, and that the plaintiff had no means of ascertaining the amount of said loss except upon the defendant's state-

ment, upon which it relied; whereby the defendant has received from the plaintiff the sum of $924, which in law and equity he had no right to retain, and therefore impliedly promised to repay the same to the plaintiff, with interest.

The action was commenced in March, 1891, and an answer to the original complaint was served May 9, 1891. The motion to amend the complaint was made March 8, 1892, and the order allowing the amendment was entered March 15, 1892. In the meantime the action had not been called for trial, and it seems that the delay was caused by the pendency of a criminal prosecution against the defendant for having set fire to the same property mentioned in the complaint, which finally resulted in a verdict of guilty. But no complaint is made of any injury or detriment to the defendant from the delay, and no reason is perceived why it should affect the question of allowing the amendment of the complaint.

1. It is contended by the learned counsel of the defendant that the amendments are immaterial, and ought not, therefore, to have been allowed. The case of *Smith v. Gould*, 61 Wis. 31, is cited to this point, but that case holds only that an amended complaint ought not to be allowed which does not state a cause of action. These amendments are not only material, taken together, but they certainly state a good cause of action against the defendant.

2. That some reason should be stated by affidavit why the further and separate cause of action of the defendant having set fire to the insured property was not set up in the original complaint. The statute (sec. 2687, R. S.) cited to this point relates only to *supplemental* complaints. The case cited of *Sweet v. Mitchell*, 19 Wis. 526, is not applicable. The amendment proposed was a new cause of action setting up fraud, when the original action was to enforce a parol trust. Neither the original nor amended complaint

was verified, and the only affidavit of merits was by the attorneys on information and belief. The same may be said of *Dole v. Northrop*, 19 Wis. 249. The amendment proposed to the answer was to set up usury to defeat the principal and legal interest of the note, when, under the original answer, the court could do equity between the parties by rendering a judgment for the principal and legal interest, less the usury paid. The leave to so amend was asked after judgment, and a new trial granted. The allowance of the amendment was held an abuse of discretion.

3. That an affidavit of merits should have been made. I know of no rule of practice that requires an affidavit of merits to accompany a verified amended complaint. The amendments allowed are within sec. 2830, R. S., and were clearly within the discretion of the court. The order will not be reversed unless there was a grave abuse of such discretion, or the violation of some well-settled rule of law. *Phœnix M. L. Ins. Co. v. Walrath*, 53 Wis. 676; *Brown v. Bosworth*, 62 Wis. 542. The law favors great liberality in allowing amendments. *Sweet v. Mitchell*, 15 Wis. 641. The amendments were clearly proper, and appear to have been in furtherance of justice.

*By the Court.*— The order of the circuit court is affirmed, as also the order in *Home Insurance Company v. John Henry Phillips*, the next in order on the calendar.