SEGELKE & KOHLHAUS MANUFACTURING COMPANY, Appellant,
vs. HULBERG and another, Respondents.

*September 22 — October 13, 1896.*

*Amendment of pleading: Discretion: Liens.*

In an action to foreclose a subcontractor's lien for building materials, the refusal to allow the complaint to be amended so as to allege that, before the materials were furnished, the owner of the building expressly promised to pay for them,— which would virtually change the action into one to foreclose a principal contractor's lien after the time within which the claim for such a lien could have been filed,— is *held* not an abuse of discretion.

APPEAL from an order of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

This action was originally brought to enforce a subcontractor's lien for building materials alleged to have been furnished to *Ole Larson*, as principal contractor, between

June 22, 1893, and November 22, 1893, to be used, and in
fact used, in the erection of a building for defendant *Hul-
berg*, on certain real estate owned by said *Hulberg*. The
original complaint alleged the giving notice by the plaintiff
to *Hulberg* of its claim for lien, under R. S. sec. 3315, within
due time, and the filing of a claim for lien, May 16, 1894,
and demanded judgment of foreclosure and sale. This com-
plaint was served with the summons, October 8, 1894. The
defendant *Hulberg* appeared, and denied all the allegations
of the complaint except the allegation of ownership of the
premises and the allegation of corporate character of the
plaintiff.

In January, 1895, the plaintiff made a motion, based on
affidavits, for leave to amend the claim for lien and the
complaint, by adding a certain adjoining lot to the descrip-
tion of the real estate, and by adding an allegation to the com-
plaint alleging that the defendant *Hulberg* made an express
promise to pay for the materials before they were furnished.
The affidavits in support of the motion tended to show that
*Hulberg* promised to pay for the building materials before
they were furnished, and that the reason why the claim for
lien and the complaint charged only a subcontractor's lien
was on account of a misunderstanding between the book-
keeper of the plaintiff and the plaintiff's attorney. Affi-
davits were filed by *Hulberg* in opposition, expressly denying
any agreement on his part to pay for the materials, and
showing that the defendant *Ole Larson* had become insane
since completing the building in question, and was still in
that condition. The court allowed the amendment as to
the description of the premises, but denied the proposed
amendment, alleging an express promise on the part of
*Hulberg* to pay for the materials. From this denial the
plaintiff appealed.

For the appellant there was a brief by *James S. Miller*

In re Assignment of Gilbert and another: Appeal of Cleasby and others.

and *Wm. S. Burroughs*, and oral argument by *Mr. Bur-roughs.*

For the respondents there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee.*

WINSLOW, J.    The amendment which the court refused to grant was an amendment virtually changing the action from an action to foreclose a subcontractor's lien into an action to foreclose a principal contractor's lien, after the expiration of the time in which it could have filed a claim for a lien as principal contractor.    An application to amend the pleadings in a case like the present is addressed to the sound discretion of the court, and the order made on such motion will not be reversed "unless there is a gross abuse of discretion, or a violation of some well-settled rule of law, or the court proceeded upon a mistaken view of the law."    *Phœnix M. L. Ins. Co. v. Walrath*, 53 Wis. 669.    Under the circumstances of this case, we discover no abuse of discretion in refusing to allow the amendment; and it does not appear that the circuit court acted under a mistaken view of the law, or violated any well-settled rule of law in making the ruling in question.

*By the Court.*— Order affirmed.