KLEIMENHAGEN and others, Respondents. vs. DIXON and others, Appellants.

*September 9—September 27, 1904.*

*Pleading: Amendment of complaint to conform to proofs: Discretion: Opportunity to answer: Terms: Costs of action: Villages: Meetings of board: Regularity.*

1. In an action against village officers to restrain the laying of a drain, the complaint alleged that certain meetings were held by the village board, and then alleged that the proceedings thereat in respect to the drain were void, for reasons other than irregularity in the calling or holding of such meetings.

Defendants admitted the holding of the meetings, but denied that the proceedings were void. At the trial it appeared that the meetings were not regularly called. After the close of the testimony the trial court permitted plaintiffs to amend the complaint so as to conform to the proof by alleging that the proceedings were void because the meetings were not legally called. *Held*, not an abuse of discretion.

2. The omission in such case to give defendants an opportunity to plead to the amended complaint cannot be held error, in the absence of anything in the record suggesting that they desired to plead thereto or that they had any defense to the charge contained in the amendment.

3. It not appearing that, had the amendment been made before the trial, defendants would have taken a substantially different course in respect to the trial, it was not an abuse of discretion to allow the amendment upon the condition that plaintiffs pay $10 costs of motion, and then, in giving judgment in their favor, to permit them to recover all their costs of the trial against defendants.

4. When municipal boards are called upon to perform acts requiring discretion and judgment in administering public affairs, they can only act at authorized meetings duly held.

5. Sec. 890, Stats. 1898, provides for but two classes of meetings of village boards, namely, regular and special meetings, and these must be held and called as therein directed.

APPEAL from a judgment of the circuit court for Columbia county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The plaintiffs bring this action as taxpayers of the village, for themselves and all others similarly situated, to declare the proceedings of the village board void, and to restrain the board and village officers from taking any further steps in laying a proposed drain which the village board had ordered and directed to be laid in an alley and streets of the village for the alleged purpose of removing the surface water and improving the streets for public use and travel, and from paying any claims presented or to be presented against the village on account thereof, and from levying any tax or including any sum in the general tax levy to cover such claims. The complaint charges that the proceedings of the village board are void, because the village board failed to take the steps pre-

scribed by statute for the construction of a sewer, and which covers this improvement. It also charges fraud on the part of the trustees in authorizing the alleged improvement, in that they were induced to vote for the construction of it to conserve their private interests, and in that it was intended to serve the private uses of adjoining property, and would serve no public benefit or use. It is also alleged that the president of the village board is personally interested with the contractor, who is to furnish material for the improvement. The complaint sets forth the proceedings by the village board from the inception of the undertaking to the final step in ordering the alleged public improvement of the streets and a public alley of the village. The meetings of the village board held May 19, June 4, and June 15, 1903, are specified as those at which the proceedings were taken upon which the village board relied as authorizing the improvement, and it is charged that the resolution purporting to grant such authority failed to receive the support of the requisite number of votes of members of the village board to give it validity. No charge was made before the trial that the meetings were illegally held.

Defendants admitted the holding of these meetings, but denied that the proceedings were void upon any of the grounds charged in the complaint, and alleged that the action of the village board in ordering this drain was to remove the surface water from the streets and a public alley of the village.

Considerable testimony was taken at the trial upon these issues. The minutes of the proceedings of the village board disclose that the meetings of the board at which this improvement was authorized were neither special nor regular, as prescribed by statute, nor were they adjournments of such meetings, but they were called and held under the direction of the president of the village board, and upon verbal notice to the members given by the marshal.

After the taking of the testimony had been concluded and

the case was being argued, counsel for plaintiffs asked leave to amend the complaint by adding an allegation charging that the meetings of the board at which this improvement was authorized were not called and held according to the require^ments of the law, and that the action of the board at such meetings was null and void. Defendants objected to such amendment. The ruling of the court upon the motion to amend the complaint was reserved until after the argument on the case. When the decision of the case was announced, the court allowed the amendment of the complaint as asked for by the plaintiffs, upon condition of their paying $10 costs of the motion.

Upon the contested issues which had been tried the court resolved all questions favorably to the defendants. The court further found as a matter of fact under the complaint as amended that all the proceedings of the village board in authorizing this drain were void because the necessary steps for calling these meetings were not taken as required by statute. Upon these conclusions judgment was awarded to plaintiffs declaring the proceedings void, restraining all further acts in completion of such drain, and for plaintiffs' costs, amounting to $248.04. This is an appeal from such judgment.

For the appellants there was a brief by *W. S. Stroud* and *Thos. B. Coon,* and oral argument by *Mr. Stroud.*

For the respondents there was a brief by *Fowler & McNamara,* and oral argument by *C. A. Fowler.*

SIEBECKER, J. Error is assigned upon the action of the court in allowing plaintiffs to amend their complaint after the testimony had closed and the issues raised by the pleadings had been fully litigated. The proposed amendment was to the effect that the proceedings of the village board in authorizing the drain were void because the meetings were not called as required by the statutes. It is urged that the amendment was improperly allowed because the complaint alleged that

the improvement had been authorized *at meetings of the village board,* which the answer admitted, and that it should therefore be treated as an accepted fact that the meetings were legally held, and that the parties were irrevocably bound thereby.

The trial court did not so interpret the pleadings, and, we think, upon sufficient grounds. True, the complaint sets out that the meetings were held by the village board, and it then proceeds to charge that the proceedings were void in the law for other reasons than the irregularity in the calling or holding of these meetings. Plaintiffs were evidently not aware that the meetings were irregularly held, and they proceeded upon that theory to the stage of the trial when the evidence of the village clerk, taken in connection with the recorded minutes of the meetings, disclosed the fact that no regular call for special meetings had been made. Nothing appears to justify the conclusion that the parties had forfeited the right to such amendment, if the court deemed it "in furtherance of justice" to insert "other allegations material to the case."

The power of allowing amendments to pleadings under the conditions of the statutes has been liberally exercised to enable the parties to litigate all questions arising out of the subject of the controversy. In speaking upon this subject in *Brown v. Bosworth,* 62 Wis. 542, 22 N. W. 521, this court observed:

"The plaintiff may amend in any particular pertinent to the cause of action, and which does not change it."

In *Phœnix M. L. Ins. Co. v. Walrath,* 53 Wis. 676, 10 N. W. 153, it is said:

"Whether, in a given case, the circuit court ought to grant the application in the exercise of its undoubted power is generally a matter of discretion; and when the application is decided in the exercise of that discretion this court will not set aside the order of the circuit court unless there is a gross

abuse of that discretion, or a violation of some well-settled rule of law, or the court has proceeded upon some mistaken view of the law."

Of course, every such application must be determined upon the particular facts and circumstances under which it is made. These, of necessity, are to a considerable extent within the knowledge of the trial court only, and the application is, therefore, addressed to its discretion in furtherance of justice, and the power is to be exercised in accord with the usages which have been found best to promote the ends of justice, in view of the state of the litigation and the situation of the parties. We perceive nothing in the case on either ground which should have precluded the court from entertaining the application when it was made.

It is urged that the defendants were deprived of a legal right by the court's omission to extend to them the privilege of pleading to such amended complaint. We find no suggestion of anything in the record showing that they desired to plead to such amended complaint, or that they had any defense to the charge contained in the amendment. The amendment, in effect, conformed the pleadings to the proof as shown by the village clerk's minutes of the proceedings of the board, and these must be held conclusive on the facts covered. The situation as it developed on the trial probably led the court to the conclusion that the defendants had no available defense. *Brayton v. Jones,* 5 Wis. 117; *Phœnix M. L. Ins. Co. v. Walrath,* 53 Wis. 669, 10 N. W. 151; *Sweet v. Mitchell,* 15 Wis. 641; *Chippewa B. Co. v. Durand, ante,* p. 85, 99 N. W. 603; *Brown v. Bosworth, supra; Continental Ins. Co. v. Phillips,* 83 Wis. 354, 53 N. W. 774; *Illinois S. Co. v. Budzisz,* 106 Wis. 499, 82 N. W. 534; *Hansen v. Allen,* 117 Wis. 61, 93 N. W. 805.

It is further urged that it was an abuse of the discretion of the trial court to allow this amendment upon condition of plaintiffs paying $10, and to then permit them to recover all

their costs of the trial against defendants. This argument is based on the fact that defendants were successful on all the issues litigated before the amendment, and on the further argument that, if plaintiffs had made the amendment before trial, defendants might have refused to litigate in view of this claim, and the necessity of trying these issues would thus have been avoided, and the large bill of expense in disposing of these issues would not have been incurred in disposing of them. If such would, of necessity, have been the result of the amendment before trial, then it would be difficult to justify the imposition of the costs of the trial upon defendants as within the exercise of the court's discretion. But many incidents of the trial, which are not a part of the record before us, must have come to the knowledge of the court, and may reasonably be supposed to have given positive and reliable information to the court, leading it to the conclusion that, had the amendment been made before trial, the proceedings and trial would have taken practically the course it did. The power to amend pleadings should, under no circumstances, be exercised as a convenient aid to remedy the serious consequences incident to pleadings which fail to apprise opposing parties of the causes of action or defense. Nor is a lax and inconsiderate practice to be indulged by trial courts in granting such amendments as a matter of course, and without imposing such terms as will afford the opposing party relief from unnecessary expenses incurred by the failure to plead the proposed amendment at a prior and appropriate stage of the action. To obviate any such consequences, the statute imposes a duty on trial courts of allowing such amendments only on occasions when they are satisfied that the application is in furtherance of justice, and upon condition that the opposing party will not be subjected to hardship in presenting his cause, nor required to bear the burden of costs and expenses resulting from the failure to so plead earlier in the action. It cannot be said that it appears from the record that the allowance

of the amendment after the taking of the testimony caused either a hardship or any additional burden of costs and expenses manifestly unjust to defendants. We must therefore hold that the amendment of the pleadings upon the conditions imposed by the court has "some reasonable ground to support it in view of the facts and the rule that the legal presumption is that it has such ground till the contrary affirmatively appears." *Illinois S. Co. v. Budzisz, supra.*

It is further contended that the court erred in holding that all of the special meetings were irregular and void. It is asserted that the proceeding of the board "to adjourn to reconvene at the call of the president" is equivalent to a call by a quorum, and that the meeting of the board under call of the president pursuant to such an adjournment is an adjourned meeting. Such a meeting does not come within the terms of the statute (sec. 890, Stats. 1898), which provides that:

"Regular meetings shall be held at such times as may be prescribed by their by-laws. Special meetings may be called by any two trustees in writing filed with the clerk, who shall thereupon seasonably notify all the trustees of the time and place thereof in the manner directed by the by-laws."

It is evident that this statute provides for only two classes of meetings, namely, regular and special meetings, which must be held and called as directed. There is no dispute but that the meetings of the board at which the drain in question was authorized were not regular, nor adjournments of regular, meetings. No written calls for special meetings by two members were filed with the clerk. No other class of meetings is provided for, nor can meetings be called in a manner different from those appointed by the statute. The powers of the board in this regard are limited to the express grants of the statutes, as in all other respects. It is a well-recognized principle that when municipal boards are called upon to perform acts requiring discretion and judgment in administering public affairs, they can only act at authorized meetings

duly held. *State ex rel. Foster v. Graham,* 60 Wis. 395, 19 N. W. 359; *School Dist. v. Baier,* 98 Wis. 22, 73 N. W. 448; *McNolty v. Morse,* 102 Wis. 261, 78 N. W. 439; *State ex rel. Graff v. Steele,* 106 Wis. 475, 82 N. W. 295; 1 Dillon, Mun. Corp. § 258. The evidence shows that the meetings were irregular because the requisite steps for calling special meetings were not taken, and for this reason the proceedings of the village board at such meetings authorizing the construction of the drain were unauthorized and void.

These conclusions require affirmance of the judgment, and cover the grounds upon which the trial court proceeded.· We do not feel called upon to discuss the other questions suggested by respondents, because they are not necessarily involved in the determination of the case.

*By the Court.*—Judgment affirmed.